## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RANDY COKER, | : | |
| | : | |
| Plaintiff, | : | C.A. No. K14C-07-013 JJC |
| | : | *(Consolidated)* |
| v. | : | In and For Kent County |
| | : | |
| REBECCA TENNEY-ANDREWS | : | |
| and DEBORAH WALNICKI, *et al* | : | |
| | : | |
| Defendants. | : | |

## ORDER

Submitted: October 21, 2016
Decided: November 10, 2016

On this 10th day of November, 2016, having considered Defendant Rebecca Tenney-Andrew's (hereinafter "Andrews's") Motion for Summary Judgment and the Plaintiff Randy Coker's (herein "Coker's") response in opposition thereto, it appears that:

1. Before the Court is Andrews' Motion for Summary Judgment pursuant to Superior Court Civil Rule 56. The facts cited herein are those viewed in the light most favorable to Coker as the non-movant. On July 20, 2012, Coker was driving his car on Route 1 Southbound when an accident occurred in front of him. To avoid hitting the vehicles involved in the accident, he stopped his car. Andrews was driving behind Coker and stopped quickly but avoided striking him. A third vehicle, driven by Defendant Deborah Walnicki (hereinafter "Defendant Walnicki"), was driving behind Andrews and was unable to bring her car to a stop before striking the rear of Andrews' vehicle. This, in turn, pushed Andrews' vehicle into Coker's vehicle,

causing him personal injury.  Coker subsequently filed a negligence suit against both Andrews and Defendant Walnicki.

2. Coker's complaint alleges that Andrews and Defendant Walnicki were joint tortfeasors and that their separately negligent acts proximately caused the collision. Specifically, Coker alleges that Andrews stopped her vehicle too abruptly with too short of a stopping distance.  Furthermore, Coker alleges that the two defendants were negligent in that they followed the vehicles in front of them too closely, were traveling at an unsafe speed, failed to keep a proper lookout, drove in a careless and/or inattentive manner, and drove recklessly.  Andrews filed a motion for summary judgment alleging that she was not negligent, as a matter of law, because she was able to completely stop her car before Defendant Walnicki struck the rear of her vehicle and pushed her into Coker.  Defendant Walnicki, who has cross-claims against Andrews, does not oppose the motion for summary judgment.

3.  In support of her motion, Andrews emphasizes her deposition testimony where she testified that she completely stopped her car before then being pushed into Coker's car.  She also emphasized the separate deposition testimony of  both Coker and Defendant Walnicki in which the other two drivers admit that they do not know whether or not Andrews' car completely stopped before Defendant Walnicki struck it.

4. In response to Andrews' motion, Coker contends that there are several material facts still in dispute.  First, Coker contends that the timing of the events surrounding the accident remain in dispute because the only evidence that Andrews stopped comes from her own testimony.  Furthermore, he argues that there is a dispute regarding the final resting place of the vehicles after the accident which generates a dispute as to the mechanics of the collision.  Coker also points to the fact of record that Andrews admitted she pressed the brakes quickly and was using a GPS system for the first time to reach a new destination.  Coker also emphasizes that Defendant Walnicki claimed in an interrogatory response that Andrews "slammed on her

2

brakes" in front of her. Defendant Walnicki also separately testified in a deposition that it seemed as though Andrews slammed on her brakes. Finally, Andrews admitted in her deposition that she braked quickly. Coker argues that a reasonable inference from this evidence is that Andrews was not paying attention while driving and that she maneuvered her car unsafely, thus also proximately causing Coker's injuries.

5. Summary judgment is appropriate if, when viewing the facts in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] In doing so, the Court must accept all undisputed factual assertions and accept the nonmoving party's version of any disputed facts.[2] The burden is on the moving party to show that there are no material facts in dispute.[3] When the facts of record "permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law."[4] However, the Court must draw all reasonable inferences in favor of the nonmoving party.[5]

6. Delaware courts consistently recognize that issues of negligence are generally not appropriate for a decision at the summary judgment stage.[6] The Delaware

---

[1] *Super. Ct. Civ. R.* 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[2] *Sztybel v. Walgreen Co.*, 2011 WL 2623930, at *2 (Del. Super., June 29, 2011).

[3] *Moore*, 405 A.2d at 680.

[4] *Friel v. Hartford Fire Ins. Co.*, 2014 WL 1813293, at *2 (Del. Super. May 6, 2014) *aff'd Friel v. Hartford Fire Ins. Co.*, 108 A.3d 1225 (Del. 2015) (citing *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967)).

[5] *Direct Capital Corporation v. Ultrafine Technologies, Inc.*, 2012 WL 1409392, at *1 (Del. Super. Jan. 3, 2012) (citing *Merrill v. Crothall—American, Inc.*, 606 A.2d 96, 100 (Del. 1992)).

[6] *E.g.*, *Ebersole v. Lowengrub*, 180 A.2d 467, 469 (Del. 1962); *Rollins v. Thomas*, 2007 WL 710101, at *2 (Del. Super. Mar. 29, 2000).

Supreme Court also recognizes that "questions of proximate cause except in rare cases are questions of fact ordinarily to be submitted to the jury for decision."[7] Of course, this does not mean that a negligence suit will never be dismissed on a motion for summary judgment. As Andrews cites in her motion, Delaware courts find summary judgment to be appropriate in negligence cases where it is clear there are no material facts in dispute.[8] Consequently, while it is difficult to obtain summary judgment on a negligence case, it is not impossible.

7. Andrews correctly argues that there is no evidence of record that she failed to completely stop her vehicle before it struck Coker. Coker seems to argue that because the other two eyewitnesses (himself and Walnicki) could not confirm or deny that fact, there remains a genuine issue of material fact. To the contrary, where there is no evidence of record to dispute that Andrews brought her vehicle to a stop before the impact to her rear pushed her into Coker, there is no genuine issue as to that material fact. Separate and apart from that, however, genuine issues of material fact remain when the evidence is viewed in the light most favorable to Coker. Namely, there is a permissible inference, in this deferential light, that Andrews stopped too quickly (i.e. "slammed on her brakes in front of Defendant Walnicki"). Coker argues that from this admissible evidence, a reasonable inference can be drawn that Andrews was following too closely and was not paying attention while driving. The Court finds that such evidence of record, when viewed in such a deferential light, could lead a reasonable jury to conclude that Andrews was following Coker too closely, was travelling at an unsafe speed that made it impossible for Andrews to stop without

---

[7] *Ebersole*, 180 A.2d at 469.

[8] *See, e.g.*, *Raczkowski v. Devlin*, 2011 WL 5042064 (Del. Super. Oct. 10, 2011) (granting summary judgment for a defendant in a negligence case because no issue of material fact remained in dispute).

4

slamming on her breaks, and that Andrews did not keep a proper lookout and was inattentive in her driving.

8. Andrews argues that the inference Coker identifies is speculative and unreasonable. In support of this position, she cites *Smith v. Haldeman*, which similarly involved a three car collision.[9] In the *Smith* case, the driver of the lead car, sued the driver of the second and third vehicles.[10] As in the case at hand, it was undisputed that the second car came to a stop before the collision occurred.[11] In an attempt to avoid summary judgment, the Plaintiff (hereinafter "Smith") cited two facts in support of an inference of the second vehicle's negligence.[12] Namely, Smith argued the second driver was negligent because she failed to stop at a safe distance from Smith and that the second driver improperly changed lanes at some unspecified point before the collision.[13] This evidence, in addition to the fact that there was a collision did not support a reasonable inference of negligence.[14] The Court held that "[t]he mere fact that there was a collision is insufficient to prove negligence. Just because Haldeman hit Smith's car or Haldeman was behind Plaintiff with a distance less than the statutory safe distance, doe [sic] not mean Haldeman acted unreasonable or was following too closely."[15] The previous change of lanes also did not support such an inference.[16] Moreover, the deposition testimony of all the drivers involved in

---

[9] 2012 WL 3611895 (Del. Super. Aug. 21, 2012).

[10] *Id.* at *1.

[11] *Id.* at *2.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 3.

[15] *Id.*

[16]*Id.*

the accident established that the second driver acted reasonably.[17] As such, there was not a material fact in dispute and the second driver defendant was entitled to judgment as a matter of law.

9. The current case is distinguishable from the *Smith* case. Here, there is evidence from Defendant Walnicki that Andrews slammed on her breaks to avoid hitting Coker's car. Testimony also comes from Andrews herself that she stopped quickly. A reasonable inference from the fact that Andrews had to brake quickly is that she was following too closely and that this alleged negligence contributed to the collision.

10. Coker also notes that Andrews was using a GPS system for the first time to reach a new location. From this, Coker argues that a reasonable inference arises that Andrews was driving inattentively. While there is deposition testimony that she used the GPS while driving, there is no testimony that she was adjusting or otherwise engaged with the GPS system at the time of the accident. There is nothing in the record that indicates she was operating her GPS in a way that would contribute to a reasonable inference that she was driving inattentively.

11. Finally, Coker's argument regarding the potential relevance and inferences involved in the final resting place of the vehicles does not weigh into the court's decision. Coker did not identify any reasonable inference from the evidence that could flow from the vehicles' final resting place. Under the particular circumstances of this case, in the absence of any proffered expert reconstructionist testimony, Coker did not identify any relevance of the post-accident vehicle positions. Consequently, the fact that the parties dispute where their cars came to rest after the accident is not a material fact factoring into the Court's decision to deny Andrews motion for summary judgment.

---

[17] *Id.*

12. The Delaware Supreme Court has recognized that chain reaction car accidents, such as the one involved here, are generally not suitable for summary judgment.[18] Namely, in *Ebersole v. Lowengrub*, the Court held with regard to a chain reaction rear-end collision, that the matter was best " we think, to be resolved as a whole by a jury . . ." requiring all parties' negligence and proximate cause to be submitted to a jury to consider in light of the entire series of events.[19] In a situation involving alleged joint tortfeasors involved in a rear-end collision, a car allegedly stopping too suddenly could proximately contribute to the chain reaction, even if that car does not strike the vehicle in front of it under its own power. *Ebersole* had some factual differences to the case at hand, but its recognition of the general inappropriateness of dismissing defendants from chain reaction automobile cases on summary judgment is instructive.

13. Here, a reasonable inference could be drawn by a reasonable jury that Andrews acted negligently and her negligent actions were one proximate cause of Coker's injuries. Accordingly, there are material facts still in dispute, and Andrews is not entitled to judgment as a matter of law. Therefore, Defendant Andrew's motion is DENIED.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

---

[18] *Ebersole v. Lowengrub*, 180 A.2d at 471 (Del. 1962). Andrews also cites *Raczkowski v. Devlin*, 2011 WL 5042064 (Del. Super. Oct. 10 2011). That case involved a bicycle being pushed into the path of the defendant, without warning. *Id.* at *1. In that case, unlike the case at hand, there was no evidence of negligent conduct on behalf of the striking vehicle that could even have remotely included an inference that such conduct proximately contributed to the collision. *Id.* at *3.

[19] *Ebersole*, 180 A.2d at 471.