**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MIGNON N. MATTHEWS, )
)
Plaintiff, )
)
v. )       C.A. No. N14C-10-260 CLS
)
DETECTIVE JOHN MANCUSO and )
DETECTIVE BRIAN LUCAS, )
)
Defendants. )
)

Date Submitted:  July 11, 2017
Date Decided:  September 19, 2017

On Defendants' Motion for Summary Judgment.
**GRANTED.**

## <u>ORDER</u>

Jordan J. Perry, Esquire, Assistant County Attorney, New Castle, Delaware, Attorney for Defendants.

Mignon Matthews, Pro Se Defendant.

**SCOTT, J**

On this 19th day of September, 2017, and upon Defendant Detective John Mancuso and Detective Brian Lucas' (collectively "Defendants" or "Detectives") Motion for Summary Judgment, the Court finds as follows:

1. On April 11, 2014, the New Castle County Department of Community Services (the "Department") issued its Notice of Final Decision to Plaintiff, terminating her participation in the United States Department of Housing and Urban Development Section 8 Tenant-Based Assistance Housing Choice Voucher Program ("Section 8 Voucher"). The Department terminated Plaintiff's Section 8 Voucher in October of 2013 due to alleged criminal activity on the premises.

2. Plaintiff filed a Complaint with this Court on October 29, 2014. Plaintiff claims that Defendants knowingly made false statements at the Department hearings, and these false statements caused the Department to terminate Plaintiff's Section 8 Voucher. Plaintiff claims that she suffers mental and physical anguish due to the loss of her home, and she seeks $150,000.00 of compensatory damages.

3. Defendants filed a Motion to Dismiss on February 3, 2015 based on Delaware's Tort Claims Act. On June 5, 2015, the Court granted New Castle County Police Department's ("NCCPD") Motion to Dismiss, and dismissed Plaintiff's claims against the Detectives for emotional and mental anguish.

1

However, the Court denied the Detective's Motion on the defamation and physical anguish claims.

4. Defendants filed a Motion for Summary Judgment on June 30, 2017, arguing that Plaintiff fails to establish a *prima facie* claim for defamation. Defendants state that Plaintiff was granted a Section 8 Voucher on January 9, 2008, and the Voucher applied to her rental at 113 Pilgrim Road, Simmonds Gardens, New Castle, Delaware 19720 (the "Unit") on April 1, 2012.

5. As background information, Defendants presented evidence demonstrating that to remain in "good standing" with the New Castle County Section 8 Voucher Program, the participant must sign and follow the New Castle County Housing Authority Section 8 Family Obligations and Responsibilities. Defendants state that participants of this program are responsible for the actions of friends and guests pursuant to the Family Obligations and Responsibilities rules, and the Housing Authority may terminate participation in this program for "drug-related criminal activity associated with the housing unit." Defendants state that Plaintiff signed the Family Obligations and Responsibilities form on January 7, 2013 and again on January 1, 2014.

6. Subsequently, Adrian Smith ("Mr. Smith") sold heroin to a NCCPD confidential informant during the week of October 21, 2013. According to Defendants, an officer witnessed this exchange, as well as Smith exiting and

returning to Plaintiff's Unit. Again, Mr. Smith sold heroin to an undercover officer during the same week.

7. On January 17, 2014, Defendants, Detectives Lucas and Mancuso, recovered small blue wax paper bags with a red stamp on them, and mail addressed to Plaintiff at 113 Pilgrim Road, during a trash pick-up. Subsequently, one of the red bags tested positive for heroin.

8. NCCPD executed a search warrant at 113 Pilgrim Road on February 2, 2014. Defendants contend that Detective Lucas advised Plaintiff that NCCPD was present to execute a drug search warrant, and neither detective contacted the New Castle County Housing Authority, nor did the Housing Authority contact the Detectives. According to Detective Lucas' affidavit, Plaintiff told Detective Lucas that Mr. Smith was her boyfriend and he was incarcerated in New Jersey. Drugs were not recovered during the February 4 search of Plaintiff's Unit.

9. On February 24, 2014, New Castle County Housing Authority notified Plaintiff that her Section 8 Voucher was terminated due to drug activity at her residence. Plaintiff requested, and was granted, a pre-termination hearing. At the hearing on March 19, 2014, Detectives Mancuso and Lucas were not present. However, Corporal Jerrian Blythe Cumberbatch appeared on behalf of NCCPD. Corporal Cumberbatch testified that drugs were not found during

the February 4 search of Plaintiff's residence. The hearing officer upheld the Housing Authority's decision to terminate Plaintiff's Voucher. The hearing officer found that Plaintiff violated the Housing Authority's Family Obligations and Responsibilities requirement by allowing her boyfriend, Mr. Smith, to sell drugs at the premises.

10. Defendants provided affidavits stating that neither Detective was in contact with the Housing Authority. Rather, Corporal Cumberbatch's Affidavit provides that Corporal Cumberbatch contacted the owner of Plaintiff's Unit as part of NCCPD Community Services Unit. Pursuant to this conversation, Corporal Cumberbatch learned that Plaintiff's Section 8 Voucher was applied to this Unit. Corporal Cumberbatch then contacted New Castle County Housing Authority to "verify this information and alert the agency to the drug activity involving the Unit."

11. Defendants claim that Plaintiff has not established the elements of defamation and summary judgment is therefore appropriate. In this State, the "elements of a defamation claim are; (i) a defamatory communication; (ii) publication; (iii) the communication refers to the plaintiff; (iv) a third party's

4

understanding of the communication's defamatory character; and (v) injury."[1]

"Whether or not a statement is defamatory is a question of law."[2]

12. The Court may grant summary judgment if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[3] All facts are viewed in a light most favorable to the non-moving party.[4] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[5] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[6]

13. As this is a defamation action, the Court may only address the possible defamation claims. Plaintiff's complaint states that Detective Lucus and Mancuso contacted the housing authority and made a false statement that drugs were found in the unit. Plaintiff seeks $150,000.00 for defamation of character as well as mental anguish. In response to Defendant's motion, Plaintiff does not dispute any of Defendants' legal arguments. Rather,

---

[1] *Clouser v. Douherty,* et. al., 2017 WL 3947404, at *7 (Del. Sep. 7, 2017).
[2] *SunEnergy1, LLC v. Brown*, 2015 WL 7776625, at *3 (Del. Super. Nov. 30, 2015).
[3] Super. Ct. Civ. R. 56(c).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[6] *Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Plaintiff argues about the validity of the search, and asserts that she was not selling drugs from the Unit.

14. Summary Judgment is appropriate as Plaintiff failed to make a showing sufficient to establish the existence of elements essential to a defamation case. The tort of defamation "is generally understood as a 'false publication calculated to bring one into disrepute."[7] Plaintiff's claim for defamation is spoken, which is considered slander. To be considered "actionable spoken defamation must accuse another of having committed a punishable crime, in which event it is actionable *per se*, or tend to harm his reputation so as to lower him in the estimation of the community in which he lives."[8] Yet,"[n]ot all slander, however, is actionable. Some spoken defamation may fall within a class which the law terms privileged, and for which no damages may be recovered. Privileged defamation may be either absolute or conditional."[9]

15. If statements are considered defamatory, Delaware recognizes that "a qualified or conditional privilege may attach to communications made

---

[7] *Naples v. New Castle County*, 2015 WL 1478206, at *12 (Del. Super. Mar. 30, 2015)(citing *Read v. Carpenter,* 1995 WL 945544, at *2 (Del. Super. June 8, 1995)).
[8] *Pierce v. Burns,* 185 A.2d 477, 479 (Del. 1962). *See also Harrison v. Hodgson Vocational Technical High School*, 2007 WL 3112479, at *1 (Del. Super. Oct. 3, 2007)("Defamation is defined as 'that which tends to injure "reputation" in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held'.")(citing *Spence v. Funk*, 396 A.2d 967, 969 (Del. 1978)).
[9] *Pierce v. Burns,* 185 A.2d at 479.

6

between people who have a common interest for the protection of which the allegedly defamatory statements that are made or which are disclosed to any person who has a legitimate expectation in the subject matter."[10] "A defendant forfeits the conditional privilege defense if the plaintiff can show it was exercised in bad faith, with malice, or with knowledge of falsity or desire to cause harm."

16. There is nothing in the record, beyond Plaintiff's Complaint, demonstrating that Defendants made a defamatory statement regarding the Plaintiff, or a third party's understanding of the communication's defamatory character. Similarly, Defendants provided evidence that criminal activity may have occurred on Plaintiff's premises. Thus, assuming that Defendants made a statement about Plaintiff to the Housing Authority, "[t]ruth is an absolute defense. Where the alleged defamatory statement is shown not to be false, it is unnecessary to delve into any of the other addition factors."[11] "Under Delaware law there is no liability for defamation when a statement is determined to be substantially true."[12] Defendants presented evidence that Mr.

---

[10] *Naples,* 2015 WL 1478206, at \*12. *See also Pierce*, 185 A.2d at 479 ("Such privilege extends to communications made between persons who have a common interest for the protection of which the allegedly defamatory statements are made.").

[11] *Holmes v. The News Journal Co.*, 2015 WL 1893150, at \*2 (Del. Super. Apr. 20, 2015)(citing *DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A.2d 1151, 1155 (Del. 1981)).

[12] *Id.* at \*3 (citing *Riley v. Moyed,* 529 A.2d 248, 253 (Del. 1987)).

Smith sold drugs to an undercover agent, and a drug bag allegedly from Plaintiff's trash tested positive for heroin. Therefore, assuming that Defendants made a statement to the Housing Authority, the Court finds that the statement was substantially true. Additionally, the Court finds that the alleged statements fall into the category of qualified privilege. Thus, assuming the statements are defamatory, the statements were protected because the communications were between parties with common interests and a legitimate expectation in the subject matter.

17. Additionally, as Defendants argue in the latter half of their Motion, Delaware's Tort Claims Act, 10 Del. C. § 4011, provides that "[e]xcept as otherwise expressly provided by statute, all governmental entitled and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[13] Although "[a]n employee may be personally liable for acts or omissions causing property damage, bodily injury or death . . . . but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful malicious intent."[14] As Plaintiff did not present evidence that Defendants were acting outside the scope of employment, Plaintiff's defamation and physical anguish claims

---

[13] *See* 10 *Del. C.* § 4011(a).
[14] 10 *Del. C.* § 4011 (c).

8

against Defendants are barred. For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**