**Elizabeth WOOTTEN, Plaintiff Below, Appellant,**

v.

**Carvel D. KIGER, Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 19, 1967.

Hiram W. Warder, Wilmington, for plaintiff below, appellant.

Albert L. Simon, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal involves the duty of a motorist to keep a proper lookout for other automobiles at an intersection at which he has the right of way.

■ Since the Superior Court granted summary judgment in favor of the defendant, we view the facts in the light most favorable to the plaintiff:

The automobiles of the plaintiff and the defendant were involved in a right-angle collision in the center of the intersection of 18th Street and Woodlawn Avenue in Wilmington. The intersection was uncontrolled; the streets were ordinary city thoroughfares. The plaintiff was operating her automobile in an easterly direction on 18th Street; the defendant was driving south on Woodlawn Avenue. The plaintiff entered the intersection first; the defendant entered the intersection from the plaintiff's left.

The situation was governed by 21 Del. C. § 4138(a) which provides:

"§ 4138. Right of way

"(a) The operator of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time, the operator of the vehicle on the left shall yield the right of way to the vehicle on the right."

On her deposition, the plaintiff testified that she stopped at the curb line, before entering the intersection, and looked in both directions; that she did not see any automobile approaching the intersection and, specifically, she did not see the defendant's automobile until "immediately before the collision"; that it was daylight, visibility was good, and there was nothing to obstruct the plaintiff's vision; that as she proceeded into the intersection she "was looking ahead at the time." It was on the basis of these statements that the defendant moved for summary judgment.

We are of the opinion that summary judgment was properly granted in favor of the defendant because the plaintiff admitted contributory negligence as a matter of law.

The plaintiff concedes, of course, that the law imposes upon motorists the duty of keeping a proper lookout for other vehicles on the streets and highways; that implicit in the duty of looking is the duty to see that which is in plain sight to be seen, unless some reasonable explanation is offered. Willis v. Schlagenhauf, 8 W.W. Harr. 96, 188 A. 700(1936).

■ The plaintiff contends, however, that the question of contributory negligence is ordinarily one for the finder of fact. Generally, this is true; but when the facts permit reasonable persons to draw from them but one inference, clearly establishing the negligence of the plaintiff and its causal connection to the accident, the question becomes one for decision as a matter of law. That is the situation on this appeal.

■ Under the plaintiff's own version of the facts, the defendant's automobile was necessarily visible to the plaintiff as she looked left before entering the intersection. It is inconceivable that, in daylight hours with vision unimpeded, a reasonably prudent person, looking as the plaintiff says she looked, would not have seen the defendant's automobile approaching. The only reasonable inferences are that the plaintiff failed to see that which was in plain sight to be seen; and that her failure was a proximate cause of the ac-

cident. Compare Jewell v. Pennsylvania RR Co., Del., 183 A.2d 193 (1962); DiSabatino v. Ellis, Del., 184 A.2d 469 (1962).

■■■ The plaintiff attempts to avoid the consequences on the ground that she had the right of way. Right of way did not relieve the plaintiff of her duty to keep a proper lookout as she proceeded through the intersection. A right of way is not absolute; it is relative only. Regardless of possession of right of way, a motorist must exercise continuously such due care as may be required by the situation confronting him in order to prevent injury to himself and others. Peters v. Shear, 351 Pa. 521, 41 A.2d 556 (1945); Favino v. Myers, 164 Pa.Super. 445, 65 A.2d 689 (1949); 1 Blashfield "Cyclopedia of Automobile Law and Practice" (Perm.Ed.) § 649. By her own admission, the plaintiff failed in this duty.

The summary judgment in favor of the defendant is affirmed.