IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND | : | |
| SOCIETY, FSB, | : | C.A. No: K15L-12-039 RBY |
| | : | In and for Kent County |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE ESTATE OF JOSEPH JACKEWICZ, | : | |
| SHIRLEY A. JACKEWICZ a/k/a/ | : | |
| SHIRLEY A. JOHNSTON as Executor, | : | |
| and THE UNITED STATES OF | : | |
| AMERICA, | : | |
| | : | |
| Defendants. | : | |

*Submitted: July 15, 2016*
*Decided: September 14, 2016*

*Upon Consideration of Plaintiff's*
*Motion for Summary Judgment*
**GRANTED**

**ORDER**

Garvan F. McDaniel, Esquire, Hogan & Veith, P.A., Wilmington, Delaware for Plaintiff.

Shirley A. Jackewicz a/k/a Shirley A. Johnston, *Pro se*.

Young, J.

*Wilmington Savings Fund, FSB v. The Estate of Joseph Jackewicz, et al.*
*C.A. No.: K15L-12-039 RBY*
*September 14, 2016*

## SUMMARY

Plaintiff bank filed a Motion for Summary Judgment (the "Motion") in a mortgage foreclosure action previously instituted against Defendant, Executor of the Estate which includes the property at issue. Because no material facts remain in dispute, consideration of this Motion is in order. Since Defendant admits Plaintiff's allegations of default, Plaintiff is entitled to judgment as a matter of law. Therefore, Plaintiff's Motion is **GRANTED**.

## FACTS AND PROCEDURE

Shirley Jackewicz a/k/a Johnston ("Defendant") is the Executor of the Estate of Joseph Jackewicz (the "Estate"), who died in 2013. The Estate includes property located at 3635 Walnut Shade Road in Camden-Wyoming, f/ka 3635 Rising Sun Road in Magnolia, Delaware (the "Property"). The Property secures in part a note (the "Note") and is subject to a mortgage (the "Mortgage") with Wilmington Savings Fund Society, FSB ("Plaintiff"), in the original principal amount of $95,400.

Defendant filed for Chapter 12 bankruptcy in June 2014. Plaintiff was granted relief from the automatic stay in October 2015. Plaintiff sent demand letters to both the Defendant and the Estate in October 2015, but neither the Note nor the Mortgage has been repaid to date.

Plaintiff filed a Complaint against Defendant in December 2015, seeking judgment on the Mortgage. Defendant filed an Answer, but failed to include the

Affidavit of Defense required under 10 *Del. C.* § 3901.[1]

Plaintiff filed the instant Motion for Summary Judgment on June 22, 2016. Plaintiff argues that Defendant's failure to file an Affidavit of Defense is not a mere technical flaw under Delaware case law. Instead, according to Plaintiff, such failure amounts to Defendant's default. In her Response, Defendant asserts that she did not understand that the procedural requirement distinguished between her Answer, which she timely filed, and the Affidavit of Defense.

Defendant included an Affidavit of Defense with her response to Plaintiff's Motion. In the Affidavit, Defendant alleges that the Estate was paying interest on the Mortgage to Plaintiff, and that the Property is scheduled to be auctioned, after which time Defendant intends to make payment in full to Plaintiff.

## STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material fact so that the movant is entitled to judgment as a matter of law.[2] The Court views the record in the light most favorable to the nonmoving party.[3] When material facts are in dispute, or "it seems desirable to inquire more

---

[1] 10 *Del. C.* § 3901 states in relevant part:

"(d) If the plaintiff...complies with this section, and the defendant...fails to respond to the designated allegations by affidavit filed with the answer [...], the designated allegations will be deemed admitted, and default judgment may be entered thereon, in the discretion of the court and upon motion by the plaintiff."

[2] *Tedesco v. Harris*, 2006 WL 1817086 (Del. Super. June 15, 2006).

[3] *Fauconier v. USAA Cas. Ins. Co.*, 2010 WL 847289, at *2 (Del. Super. Mar. 1, 2010).

thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[4] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[5]

## DISCUSSION

Nowhere in either Defendant's Response or Affidavit does she dispute the applicable law as articulated by Plaintiff. Plaintiff's statement of the law and asserted procedural argument are correct. Furthermore, even overlooking the technical failure of Defendant's pleadings, Defendant does not dispute Plaintiff's statement of the facts.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel
       Shirley Jackewicz a/k/a Johnston
       United States Attorney

---

[4] *Ebersole v. Lowengrub,* 180 A.2d 467, 468-69 (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

[5] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).