# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NEWARK SQUARE, LLC, a Delaware )
limited liability company, )
)
Plaintiff, )
)
v. ) C.A. No. N15C-08-227 MMJ
)
TODD LADUTKO AND CYNTHIA )
LADUTDKO, individuals, )
)
)
Defendants. )

Submitted: December 9, 2016
Decided: February 10, 2017

Upon Defendant's Motion for Summary Judgment
**GRANTED**

## OPINION

Richard L. Abbott, Esq., Abbott Law Firm, Attorney for Plaintiff Newark Square, LLC

Sean A. Dolan, Esq., Law Office of Cynthia G. Beam, Attorney for Defendants Todd Ladutko and Cynthia Ladutko

**JOHNSTON, J.**

## PROCEDURAL CONTEXT AND FACTUAL BACKGROUND

This litigation raises negligence and trespass claims stemming from an alleged fire loss that occurred on November 6, 2014. Plaintiff Newark Square LLC ("Newark Square") owns a property ("Newark Square Property") adjacent to the property where the fire took place ("Ladutko Property"). The Ladutko Property is owned by Defendants Todd Ladutko and Cynthia Ladutko ("Ladutkos"). The Ladutko Property is occupied by various tenants. On November 6, 2014, a fire occurred on the Ladutko Property. The fire spread to the Newark Square Property and caused substantial damage. For purposes of this Motion, these facts are undisputed.

On August 28, 2015, Newark Square filed this lawsuit against the Ladutkos. The Ladutkos answered on October 1, 2015 and denied liability. Discovery was completed on September 30, 2016. The Ladutkos filed this Motion for Summary Judgment on October 25, 2016.

## STANDARD OF REVIEW

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[1] All facts are viewed in a light most favorable to the non-moving

---

[1] Super. Ct. Civ. R. 56(c).

party.[2] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[3] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[5]

## ANALYSIS

The Ladutkos argue that Summary Judgment should be granted because Newark Square has not produced any specific evidence as to the cause of the fire. The Ladutkos point to their expert's opinion that the precise cause of the fire cannot be determined. The Ladutkos also cite to the fact that while they own the property in question, various tenants occupy it. The Ladutkos contend that the Ladutoko property is not under their own specific management and control.

Newark Square argues that *res ipsa loquitur* applies in this case. It asserts that negligence on the part of the Ladutkos may be presumed, even absent a specific showing of causation.

---

[2] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[3] Super. Ct. Civ. R. 56(c).
[4] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2

### *Res Ipsa Loquitur*

The doctrine of *res ipsa loquitur* is a rule of circumstantial evidence that permits the trier of fact to draw an inference of negligence.[6] In order for Plaintiff to invoke *res ipsa loquitur*, the following elements must be shown:

(1) The accident must be such as, in the ordinary course of events, does not happen if those who have management and control use proper care; and

(2) The facts are such as to warrant an inference of negligence of such force as to call for an explanation or rebuttal from the defendant; and

(3) The thing or instrumentality which caused the injury must have been under the management or control (not necessarily exclusive) of the defendant or his servants at the time the negligence likely occurred; and

(4) Where the injured person participated in the events leading up to the accident, the evidence must exclude his own conduct as a responsible cause.[7]

When the doctrine is properly invoked, a defendant will not be entitled to a directed verdict unless evidence is produced that either destroys the inference of negligence, or so completely contradicts it that a reasonable jury would be unable to find negligence.[8] The doctrine of *res ipsa loquitur* does not provide a theory of recovery.

This case is factually and legally analogous to *State Farm Fire &*

---

[6] D.R.E. 304(a)(1).
[7] D.R.E. 304(b).
[8] D.R.E. 304(c)(2).

*Casualty Company v. Middleby Corporation.*[9] In *Middleby*, the plaintiff claimed negligence under the theory of *res ipsa loquitur*. This Court granted summary judgment against the plaintiff for failure to adequately identify "what, if any, negligence 'likely occurred' to cause the fire . . . ."[10]

The plaintiff's experts provided no theory as to any negligence that caused the damage in either fire. The experts opined that the origin of one fire was a fryer thermostat housing, but concluded that the cause was accidental. The experts found that the other fire resulted from an electrical or mechanical malfunction of the fryer, but could not reach a determination as to specific cause without further engineering analysis. No additional analysis was performed.[11]

In this case, Plaintiff Newark Square has made no specific showing of negligence. Instead, a witness on behalf of Newark Square stated during her deposition that a fire marshal told her that "faulty wiring" was the cause of the fire. Newark Square has not produced any expert or factual witness testimony that indicates that the alleged faulty wiring existed as a result of negligence. Neither has Newark Square produced any evidence opining that the faulty wiring was the proximate cause of the damage.

---

[9] 2011 WL 2462661 (Del. Super.).
[10] *Id.* at *6.
[11] *Id.* at *1.

4

Newark Square has not produced sufficient evidence to proceed under the theory of *res ipsa loquitur*. In order to be adequate evidence, the fire marshal would have to opine as an expert, and the opinion would need to cite some negligent activity on the part of the Ladutkos. For example, a showing that the Ladutkos failed to maintain their property up to a relevant building code, or a violation of the landlord-tenant law, may have been enough to survive summary judgment. However, any report of the the fire marshal, even assuming admissibility under an exception to the hearsay rule, does not provide any such showing. Therefore, the report is not sufficient to establish a *prima facie* case of liability for negligence, or for an inference of negligence by application of *res ipsa loquitur*.

### Fire Trespass

Newark Square argues that the Ladutkos should be liable for trespass because the fire that originated on the Ladutko Property crossed onto the Newark Square Property and caused damage. In Delaware, in order to prove an intentional trespass to land Plaintiff must show: (1) that the plaintiff has lawful possession of the land; (2) that the defendant entered onto the plaintiff's land without consent or privilege; and (3) damages.[12] Entry onto the property in question must be intentional, but the plaintiff need not prove

---

[12] *Williams v. Manning*, 2009 WL 960670, at *8 (Del. Super.).

any wrongful intent.[13]

In this case, there was no volitional act that constituted trespass. In order for liability to exist, a defendant must take some action that proximately causes damage to another's property, even if that action is not purposeful. For example, trespass may occur when an owner of property negligently takes action that diverts water from the owner's property, the water floods adjoining land, and damages a neighbor's property. Here, there is no such showing of any negligent action. Therefore, Newark Square has not established a *prima facie* case for trespass.

### *Plaintiff Bears Burden of Proving Liability*

Negligence is not presumed. In order to survive a motion for summary judgment, Newark Square must make some showing of negligence on the part of the Ladutkos. Newark Square has made no such showing. Newark Square has offered neither expert nor factual testimony of any negligent activity by the Ladutkos. Further, Newark Square has not established a basis for a finding of trespass.

---

[13] *Id.*

## CONCLUSION

The Court finds that Newark Square has failed to make any showing of negligence on the part of the Ladutkos. Facts alleged by Newark Square, even viewed in the light most favorable to Newark Square, do not establish a *prima facie* case for liability based in negligence. Newark Square has not satisfied the elements to invoke *res ipsa loquitur*.

Additionally, The Court finds that Newark Square has not established a *prima facie* case for liability based in trespass. **THEREFORE**, the Ladutkos' Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

7