# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIAN BLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-12-101 MMJ |
| | ) | |
| COLUMBUS, US, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 18, 2017
Decided: August 10, 2017

Upon Plaintiff's Motion for Summary Judgment
**GRANTED IN PART, DENIED IN PART**
Upon Defendant's Cross-Motion for Summary Judgment
**GRANTED IN PART, DENIED IN PART**

## <u>OPINION</u>

Daniel C. Herr, Esq., Law Office of Daniel C. Herr LLC, Attorney for Brian Blood.

Keri L. Morris-Johnston, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Attorneys for Columbus, US, Inc.

**JOHNSTON, J.**

# PROCEDURAL CONTEXT AND FACTUAL BACKGROUND

This litigation raises breach of contract and violation of the Delaware Wage and Payment Collection Act[1] claims. Plaintiff Brian Blood ("Blood") filed this lawsuit against Defendant Columbus US, Inc. ("Columbus") on December 13, 2016.

Blood was employed as a Vice President of Columbus from 2004 until 2015. Blood and Columbus entered into an employment agreement ("Contract") on January 1, 2004. The Contract was drafted solely by Columbus. The Contract contains a "Non-Competition Clause" in part A-10-11. Section 10.1 of this clause provides:

> Towards the Company and Columbus, the VP undertakes in no manner or respect whatsoever, whether by themselves, as employees, as Board Members, as consultants or otherwise, to be engaged in or otherwise interested, whether directly or indirectly, financially or otherwise, in any business which is **competing** with the Company or Columbus's business, for a period of 12 months after their **resignation**.

(emphasis added).

Section 10.2 states:

> This undertaking not to **compete** shall be subject to all countries, where Columbus, including its subsidiaries and associated companies, its parent company or its subsidiaries, are doing business on the date of **resignation**.

(emphasis added).

---

[1] 19 *Del. C.* §1101(a)(3).

1

Section 10.3 states:

> For purposes of this **non-competition** clause, the date of **resignation** shall be defined as the date when the VP ceases to receive his salary or any other form of compensation from the Company (except **remunerations**), regardless of whether he has ceased to perform his duties at an earlier date.

(emphasis added).

Section 10.4 states:

> In exchange for the clause 10.1 . . . the Company shall pay **remunerations** equal to 100% of VP's fixed salary . . . upon the Company's **termination** of the Vice President's Contract. The **remuneration** shall be paid in equal monthly installments over the period in which the **non-competition** clause applies.

(emphasis added).

Section 10.8 states:

> The Company may waive its rights under this **non-competition** clause, and thus its obligation to pay **remuneration**, by written notice to the VP. The notice shall be given no more than 14 days after the Company has notified the VP of the **termination** of his employment, or has received the VPs [sic] notice of **resignation**.

(emphasis added).

Blood resigned his position as Vice President on December 1, 2015. Blood made a written demand to Columbus for the remunerations on December 29, 2015. Blood alleges that Columbus improperly failed to convey the remunerations to Blood. Blood asserts Columbus owed him these payments in exchange for Blood refraining from competing with Columbus for 12 months after his resignation. It is

2

undisputed that Blood's fixed annual salary was $160,000.

Columbus filed an answer to Blood's complaint on March 1, 2017. Columbus denied owing Blood any remunerations. Discovery has concluded and this case is ripe for summary judgment.

## STANDARD OF REVIEW

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[2] All facts are viewed in a light most favorable to the non-moving party.[3] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[4] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[5] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[6]

---

[2] Super. Ct. Civ. R. 56(c).
[3] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[4] Super. Ct. Civ. R. 56(c).
[5] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

## ANALYSIS

### *Breach of Contract*

Delaware courts apply "traditional principles of contract interpretation."[7] "One such principle is to give effect to the plain meaning of a contract's terms and provisions when the contract is clear and unambiguous."[8] When the court may reasonably assign multiple interpretations to a contract, that contract is ambiguous.[9] "Contract language is not ambiguous merely because the parties dispute what it means."[10]

Columbus argues that for purposes of remuneration under Section 10.4, "resignation" and "termination" are distinct terms. Columbus concedes that if the Contract is interpreted as Columbus proposes, the practical effect is that remuneration would be due to Blood if he was terminated for cause, but not if Blood resigned on good terms. This result clearly would not make sense from a business standpoint.

The Court finds that the Contract, when read as a whole, is not ambiguous. Section 10.4 provides for remunerations to be paid by Columbus to Blood. Section 10.4 references section 10.1. Section 10.1 establishes a 12-month non-competition

---

[7] *ConAgra Foods, Inc. v. Lexington Ins. Co.*, 21 A.3d 62, 68 (Del. 2011).
[8] *Id.* at 69.
[9] *Id.*
[10] *Alta Berkeley VI C.V. v. Omneon, Inc.*, 41 A.3d 381,385 (Del. 2012).

4

period imposed on Blood upon his resignation. Section 10.8 addresses waiver of the non-competition clause and includes both the terms "resignation" and "termination."

The only reasonable interpretation is that for the purposes of Section 10.4 remuneration, the terms "resignation" and "termination" are interchangeable. The interpretation proposed by Columbus would lead to an unreasonable and impractical result. Therefore, the Court holds that Columbus owes Blood remunerations in the amount of $160,000, as a consequence of his resignation.

### *Delaware Wage Payment and Collection Act*

The Delaware Wage Payment and Collection Act defines "employee" as "any person suffered or permitted to work by an employer under a contract of employment either **made in Delaware or to be performed wholly or partly therein.**"[11]

It is undisputed that Blood worked in Maryland, not Delaware. It is also undisputed that the Contract was not to be performed, even in part, in Delaware.

The Court finds that under the plain language of Section 1101(a)(3), the Delaware Wage Payment and Collection Act does not apply to the contract in this case. Therefore, Columbus' failure to pay remunerations to Blood does not violate the Delaware Wage Payment and Collection Act.

---

[11] 19 *Del. C.* §1101(a)(3) (emphasis added).

5

## CONCLUSION

The Court finds that Columbus improperly withheld remunerations in the amount of $160,000 that were due to Blood as provided in the "Non-Competition" clause of the Contract. Therefore, Summary Judgment is granted in favor of Blood as to the breach of contract claim.

There is no dispute that Blood did not work in Delaware during his employment with Columbus. It is also undisputed that no part of the Contract was to be performed in Delaware. The Court finds that Columbus' failure to pay remunerations to Blood does not violate the Delaware Wage Payment and Collection Act. Summary Judgment is granted in favor of Columbus on this claim.

**THEREFORE,** Blood's Motion for Summary Judgment is hereby **GRANTED IN PART** and **DENIED IN PART.** Columbus' Cross-Motion for Summary Judgment is hereby **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston