# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

M&T BANK,                        )
                                 )
    Plaintiff,            )
                                 )
      v.              )
                                 )   C.A. No. N16L-02-093 CLS
ROBIN WATKINS,                   )
                                 )
    Defendant.            )
                                 )
                                 )
                                 )

## **<u>ORDER</u>**

On this 19th day of September, 2017, and upon consideration Plaintiff M&T Bank's ("Plaintiff") Motion for Summary Judgment and Defendant Robin Watkins's ("Defendant") Response thereto, the Court finds as follows:

1. On February 15, 2016, Plaintiff filed a *scire facias sur* mortgage complaint against Defendant seeking foreclosure in Plaintiff's interest in the property located at 22 Marble House Drive, Bear, Delaware 19701. Plaintiff's Complaint arises out of Defendant's alleged breach by non-payment of monthly installments due under a mortgage executed by Defendant.

2. Defendant filed a motion to dismiss with this Court on April 4, 2016. On August 25, 2016, the Court denied Defendant's motion to dismiss. The Court held that Plaintiff properly instituted a *scire facias sur* mortgage action that is

sufficient to survive Defendant's motion to dismiss, and to the extent that Defendant's motion to dismiss asserted any other defenses not directly related to the underlying mortgage transaction, such defenses are not recognized by Delaware courts.[1]

3. Plaintiff filed a Motion for Summary Judgment on April 26, 2017. Defendant filed her Response on May 25, 2017, and a subsequent document on June 7, 2017. In its Motion, Plaintiff states that Defendant did not participate in the Mandatory Mediation Program and a Final Mediation Record was entered on October 7, 2016. Additionally, Plaintiff states that on or about October 7, 2016, Defendant filed an "Affidavit of Life" which the Court construed as an Answer to Plaintiff's Complaint.

4. Plaintiff argues that summary judgment is appropriate because Defendant did not plead one of the limited allowable Defenses under Delaware law, and there are no genuine issues of material fact in dispute. "The defenses available in a *scire facias sur* mortgage foreclosure action are limited and only those claims or counterclaims arising under the mortgage may be raised. Delaware courts recognize the defenses of payment, satisfaction or avoidance."[2]

---

[1] "Delaware Courts recognize the defenses of payment, satisfaction or avoidance." *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Mar. 4, 2013).
[2] *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Mar. 4, 2013).

5. The Court may grant summary judgment if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[3] All facts are viewed in a light most favorable to the non-moving party.[4] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[5] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[6]

6. To the extent that Defendant raised any defense in her Answer, this Court may only recognize the defense of payment, satisfaction or avoidance. Defendant's Answer to Plaintiff's Complaint is void of Delaware's recognized defenses. Additionally, Defendant's Response to Plaintiff's Motion, and subsequent filing, fails to demonstrate that there are any genuine issues of material fact.

7. Plaintiff presented evidence that the Defendant failed to pay monthly installments of the mortgage when it was due, and the loan sought to be foreclosed by Plaintiff is ineligible for any applicable loss mitigation program

---

[3] Super. Ct. Civ. R. 56(c).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[6] *Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

due to Defendant's failure to apply, or failure to provide required information, or failure to complete the requirements of the program. Additionally, Plaintiff gave Defendant proper notice of the intent to foreclose, and Plaintiff did not participate in the mandatory mediation program. For the foregoing reasons, Plaintiff M&T Bank's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**

**Judge Calvin L. Scott, Jr.**