**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

WELLS FARGO BANK, NA,     )
    )
    Plaintiff,     )
    )
    v.     )
    )     C.A. No. N16L-05-132 CLS
COLETTE Y. ILODIGWE, f/k/a )
Collette Y. Slaughter,     )
    )
    Defendant.     )

Submitted: September 19, 2017
Decided: December 15, 2017

## **ORDER**

On this 15th day of December, 2017, and upon consideration Plaintiff Wells Fargo Bank's ("Plaintiff") Motion for Summary Judgment and Defendant Colette Y. Ilodigwe's ("Defendant") Response thereto, the Court finds as follows:

1. On May 24, 2016, Plaintiff filed a *scire facias sur* mortgage complaint against Defendant seeking foreclosure in Plaintiff's interest in the property located at 1208 Apple Street, Wilmington, Delaware 19801 (the "Property").

2. Plaintiff filed a Motion for Summary Judgment on July 18, 2017. Defendant filed her Response on September 6, 2017, and Plaintiff responded on September 19, 2017. In its Motion, Plaintiff argues that summary judgment is appropriate because Defendant did not plead one of the limited allowable Defenses under Delaware law, Defendant's answers to the complaint were

unsupported, and there are no genuine issues of material fact in dispute. In her Response, Defendant argues that she paid the remaining balance of her mortgage. Plaintiff responded that although Defendant paid the principal amount, Defendant owes a remaining balance of fees and interest.

3. "The defenses available in a *scire facias sur* mortgage foreclosure action are limited and only those claims or counterclaims arising under the mortgage may be raised. Delaware courts recognize the defenses of payment, satisfaction or avoidance."[1]

4. The Court may grant summary judgment if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[2] All facts are viewed in a light most favorable to the non-moving party.[3] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[5]

---

[1] *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Mar. 4, 2013).
[2] Super. Ct. Civ. R. 56(c).
[3] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[4] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[5] *Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

2

5. This Court may only recognize the defense of payment, satisfaction or avoidance. It seems that Defendant plead payment, thus there is a genuine issue of fact. For the foregoing reasons, Plaintiff Wells Fargo Bank's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**