IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AMANDA M. NORMAN,

              Plaintiff,

       v.

ALL ABOUT WOMEN, P.A., a
Delaware corporation and
CHRISTINE W. MAYNARD, M.D.,
individually,

              Defendant.

C.A. No. K14C-12-003 WLW
Kent County

Submitted: December 15, 2017
Decided: December 19, 2017

## ORDER

Upon The Parties' Competing Motions to Strike
*Denied.*
Upon Defendants' Motion for Summary Judgment
*Granted.*

William D. Fletcher, Jr., Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for Plaintiff.

Lauren C. McConnell, Esquire of Wharton Levin Ehrmantraut & Klein, P.A., Wilmington, Delaware; attorney for Defendants.

WITHAM, R.J.

Before the Court are the Defendants', All About Women, P.A., and Christine W. Maynard, M.D. (hereinafter, the "Defendants"), Motion for Summary Judgment and the Plaintiff's, Amanda M. Norman ("Ms. Norman"), Response in Opposition. In addition, the parties have filed numerous letters relating to the Defendants' Motion, as well as competing motions to strike. This constitutes the Court's decision regarding these matters. The parties' motions to strike are hereby **DENIED**. The Defendants' Motion for Summary Judgment is hereby **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

This is an action for alleged medical negligence involving a diagnostic laparoscopy, that Dr. Maynard performed on October 22, 2013, at Christiana Hospital. Ms. Norman claims that Dr. Maynard perforated her bladder and then failed to recognize the injury before completing the procedure, necessitating a second exploratory surgery, unnecessary hospitalization and other damages.

On January 16, 2017, the Defendants filed the aforementioned Motion for Summary Judgment. The Defendants contend that Ms. Norman is not capable of establishing that Dr. Maynard breached the standard of care owed to Ms. Norman because the testimony of Ms. Norman's sole expert, Jeffrey Soffer, M.D., is inadmissible pursuant to the Delaware Rules of Evidence.[1] Even if the Court admits Dr. Soffer's testimony, the Defendants contend that Dr. Soffer's opinions would not establish a breach as a matter of law because, in the Defendants' view, Dr. Soffer's

---

[1] The Defendants incorporated, by reference, the arguments from their subsequently filed Motion *in Limine* to exclude Dr. Soffer's testimony.

2

conclusions are grounded in *res ipsa loquitur*. As *res ipsa loquitur* is generally impermissible in a claim for medical negligence, save narrowly defined exceptions not applicable in this case, the Defendants contend that they are entitled to judgment as a matter of law.

On January 30, 2017, Ms. Norman filed the aforementioned Response in Opposition to the Defendants' Motion for Summary Judgment. Ms. Norman suggests that Dr. Soffer's testimony sufficiently set forth two distinct standards of care owed by Dr. Maynard during the course of Ms. Norman's surgery, as well as Dr. Maynard's breach of those two separate standards. Ms. Norman contends that summary judgment should be denied because, in her view, a question of fact remains and the Defendants' Motion for Summary Judgment does not address Dr. Maynard's alleged breach of one of the standards of care set forth by Dr. Soffer. Ms. Norman, however, does not respond directly to the reliability of Dr. Soffer's testimony.

On February 7, 2017, the Defendants filed five motions *in limine* seeking to: (1) exclude evidence, argument, and testimony of Defendants' write-off and payment of medical expenses; (2) limit the testimony of Kenneth Woo, M.D.; (3) exclude postoperative statements of apology; (4) exclude evidence related to pregnancy and unsupported injuries; and (5) exclude testimony of Jeffery Soffer, M.D. on the standard of care.

On June 20, 2017, recognizing that the Defendants' Motion for Summary Judgment raised arguments that duplicated those in the Defendants' Motion *in Limine* to Exclude Testimony by Jeffrey Soffer, M.D. on the Standard of Care, the Court

deferred its decision regarding summary judgment until after the Court issued its decision on the motions *in limine.*

On September 22, 2017, the Court held oral argument on the five motions *in limine.* The Court issued a bench decision regarding the first four motions but reserved decision regarding the exclusion of Dr. Soffer's testimony.

On November 16, 2017, the Court issued a decision (hereinafter, the "Court's Order") regarding Dr. Soffer's testimony.[2] The Court, relying upon Delaware Rule of Evidence 702 and the five-step test set forth in *Smith v. Grief,* excluded Dr. Soffer's testimony because Ms. Norman was unable to demonstrate that Dr. Soffer's opinion was "based on information reasonably relied upon by experts" in his field.[3] The Court determined that Dr. Soffer was required to rely on more than his own personal knowledge when opining as to the alleged negligence of Dr. Maynard. The Court, therefore, granted the Defendants' Motion *in Limine* to exclude Dr. Soffer's testimony. In addition, the Court requested that the Defendants inform the Court if the Defendants intended to withdraw their Motion for Summary Judgment, or if the Court should resolve that motion as well.[4]

On November 17, 2017, the Defendants filed their response to the Court's Order. The Defendants contend that their Motion for Summary Judgment is now ripe for the Court's consideration as a result of the Court's exclusion of Dr. Soffer's

---

[2] *Norman v. All About Women, P.A.,* 2017 WL 5624303 (Del. Super. Nov. 16, 2017).

[3] *Id.* at *2

[4] *Id.*

testimony. The Defendants re-emphasize their argument that, without Dr. Soffer's testimony, Ms. Norman cannot, as a matter of law, establish a *prima facie* case of negligence. Therefore, the Defendants request that the Court rule upon the Defendants' Motion for Summary Judgment.

On November 29, 2017, Ms. Norman filed a letter with the Court in response to the Defendants' letter filed on November 17, 2017. Ms. Norman opposes the Defendants' Motion for Summary Judgment because, according to Ms. Norman, "the record does not support it, and it is plainly in error."[5] Ms. Norman contends that the Court's Order only precluded Dr. Soffer's testimony as it related to Dr. Maynard's alleged breach of a standard of care by injuring Ms. Norman's bladder during the surgical procedure. Ms. Norman argues that the Court's Order does not preclude Dr. Soffer's testimony as it related to Dr. Maynard's alleged breach of the standard of care by her failure to carefully inspect and detect the injured bladder caused by her surgical procedure. Ms. Norman urges the Court to accept her understanding of the Court's Order when considering the Defendants' Motion for Summary Judgment. If the Court accepts Ms. Norman's interpretation, she contends that the Defendants' Motion should be denied because, according to Ms. Norman, the record is insufficient for the Court to rule upon the Motion.

On November 30, 2017, the Defendants filed a letter application to strike Ms. Norman's letter of November 29, 2017. According to the Defendants, Ms. Norman's

---

[5] Plaintiff's Letter in Opposition to the Defendants' Motion for Summary Judgment at 1, *Norman v. All About Women*, No. 139 (Del. Super. Nov. 29, 2017).

letter constitutes an impermissible pleading as well as impermissible reargument of the issues adjudicated and disposed of by the Court's Order.

On December 5, 2017, Ms. Norman filed her Motion to Strike Defendants' Unauthorized and Inappropriate Letter of November 30, 2017. Ms. Norman contends that the Court specifically authorized her to respond to the Defendants' letter of November 17, 2017. As Ms. Norman believes the response was appropriate, she contends that the Defendants' request to strike is without merit. Moreover, Ms. Norman complains that the Defendants' letter of November 30, 2017, was improper because the Court did not request further correspondence from the Defendants, nor was it appropriate for the Defendants to file a letter under the circumstances. Rather, according to Ms. Norman, the Defendants should have filed a motion to strike, in the same manner as she did.

On December 6, 2017, the Court held a previously scheduled Pretrial Conference for this matter. At the Pretrial Conference, the Court acknowledged that the Court's previous order may have created some confusion between the parties. As a result of the confusion, the Court found that it was inappropriate to strike either Ms. Norman's or the Defendants' letter to the Court. The Court stipulated that a written decision would follow. Furthermore, the Court requested that the parties file supplementary argument in regards to the Defendants' Motion for Summary Judgment. The Court clarified that the purpose of the supplementary argument was not to raise new issues. Instead, the parties were merely permitted to clarify arguments already raised in their original pleadings.

6

On December 7, 2017, the Defendants filed their supplement requested by the Court. The Defendants describe where, in the Defendants' Motion for Summary Judgment, the Defendants identified the two separate standard of care violations allegedly committed by Dr. Maynard. The Defendants also describe where, in the Court's Order, the Court identified the two separate standards of care that Dr. Maynard allegedly breached. The Defendants reserved further argument on the Defendants' Motion for Summary Judgment for oral argument, scheduled for December 15, 2017.

On December 12, 2017, Ms. Norman filed her supplement requested by the Court. Ms. Norman, again, strongly disputes the Defendants' contention that the Court's Order resolves the Defendants' Motion for Summary Judgment in favor of the Defendants. According to Ms. Norman, nowhere in the Court's Order does the Court address Dr. Maynard's alleged failure to inspect and discover Ms. Norman's bladder injury before concluding the surgical procedure. Ms. Norman contends that the Court's Order "is totally devoid of any reference to the second area of medical negligence, analysis of that claim of medical negligence, and whether or not it is appropriate for Dr. Soffer to testify about this alleged breach of the standard of care by Dr. Maynard."[6] Therefore, Ms. Norman believes that "the only issue actually decided by the Court's opinion of November 16, 2017 concerns the medical negligence allegation of causing injury to the urinary bladder during the surgical

---

[6] Plaintiff's Supplemental Response in Opposition to Defendants' Motion for Summary Judgment at 2, *Norman v. All About Women*, No. 151 (Del. Super. Dec. 12, 2017).

7

procedure."[7]   As a result, Ms. Norman strongly urges the Court to deny the Defendants' Motion because she believes that Dr. Soffer's testimony, regarding the second claim of medical negligence, is sufficient to satisfy her burden at trial.

On December 15, 2017, the Court held oral argument on the Defendants' Motion for Summary Judgment. First, the Defendants addressed the Court's Order. The Defendants contend that the Court's Order necessarily includes both of Dr. Soffer's standard of care opinions because: (1) the parties presented argument to the Court, in numerous pleadings and at oral argument for the Defendants' Motions *in Limine*, regarding the exclusion of both of Dr. Soffer's standard of care opinions; (2) the Court considered the parties arguments, as evidenced by numerous references in the Court's Order; and (3) the Court's Order did not specify that Dr. Soffer's testimony was precluded only in part. In response, Ms. Norman again contends that the Court's Order failed to address the second allegation of Dr. Maynard's negligence; i.e., her alleged failure to recognize Ms. Norman's bladder injury before concluding the operation. Ms. Norman believes, therefore, that Dr. Soffer is still permitted to testify in regards to the second issue of negligence. Second, the Defendants addressed the insufficiency of Dr. Soffer's testimony. According to the Defendants, even if Dr. Soffer is permitted to testify, his opinions are insufficient to satisfy the pleading standards for medical negligence because Dr. Soffer's sole supporting basis for contending that Dr. Maynard was negligent is that an injury occurred. The Defendants believe that such a contention is, in essence, relying upon

---

[7] *Id.*

the impermissible doctrine of *res ipsa loquitur*. In response, Ms. Norman clarifies that she is not intending to rely upon the doctrine of *res ipsa loquitur*. Instead, she alleges that Dr. Soffer's testimony sufficiently sets forth a detailed explanation of how Dr. Maynard likely caused the injury to Ms. Norman's bladder and why it was negligent. Ms. Norman urges the Court to consider Dr. Soffer's testimony as a whole rather than to focus on the small snippets of testimony that the Defendants rely upon.

## STANDARD OF REVIEW

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[8] All facts are viewed in a light most favorable to the non-moving party.[9] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[10] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[11] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to the party's case," then summary judgment may be granted against that party.[12]

---

[8] Super. Ct. Civ. R. 56(c).

[9] *Burkhart v. Davies*, 602 A.2d 56, 58-59 (Del. 1991).

[10] Super. Ct. Civ. R. 56(c).

[11] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## DISCUSSION

After reviewing the record for this matter, the Court finds that it is necessary to resolve three outstanding issues. First, the Court will resolve the parties' competing motions to strike. Second, the Court will resolve any confusion created by its Order issued on November 16, 2017. Third, the Court will resolve the Defendants' outstanding Motion for Summary Judgment.

### 1. The Parties' Motions to Strike

Superior Court Civil Rule 12(f) permits the Court to strike "any insufficient defense" or "redundant, immaterial, impertinent or scandalous matter."[13] Because motions to strike are disfavored in Delaware, they are "granted sparingly" and only where "clearly warranted, with [any] doubt . . . resolved in favor of the pleadings."[14] In this case, in light of the parties' confusion, the Court finds that it is imprudent to strike either of the disputed letters filed by the parties. As it is commonplace for the Court to allow one party to respond to another party's filing, the Court did not believe it was necessary to issue an additional written order permitting Ms. Norman to respond to the Defendants' letter filed on November 17, 2017. Nevertheless, the Court acknowledges that more precise instructions to the parties could have prevented any confusion. Therefore, the Court will not hold either party at fault for filing

---

[13] Super. Ct. Civil R. 12(f).

[14] *See O'Neill v. AFS Hldgs., LLC*, 2014 WL 626031, at *5 (Del. Super. Jan. 15, 2014). *See also In re Estate of Cornelius*, 2002 WL 1732374 (Del. Ch. July 11, 2002) (stating movant must show "clearly and without doubt that the matter sought to be stricken has no bearing on the . . . litigation").

10

allegedly improper proceedings, and the parties' competing motions to strike are hereby **DENIED**.

### 2. The Court's Order

After reviewing Ms. Norman's letters filed on November 29, 2017 and December 12, 2017, it is apparent that she misunderstood the Court's Order issued on November 16, 2017. The Court held in part:

> In this case, Ms. Norman has failed to meet her burden because no evidence has been presented that Dr. Soffer's opinion is "based on information reasonably relied upon by experts" in his field. In fact, Dr. Soffer testified that he did not rely on any medical literature or peer reviewed publications in reaching his conclusion that Dr. Maynard violated the standard of care. Rather, Dr. Soffer's sole supporting contention is that, based on his own knowledge, the type of injury Ms. Norman suffered does not ordinarily occur in the absence of negligence. This contention in no way alludes to whether his analysis of the facts in this case is consistent with other experts in his field. Therefore, the Court must exclude Dr. Soffer's testimony, pursuant to the Court's five-part test set forth in *Smith v. Grief.*[15]

The Court agrees that it may have been *helpful* for the Court to specify that its holding was applicable to Dr. Soffer's testimony as it related to both: (1) Dr. Maynard's alleged breach of a standard of care by injuring Ms. Norman's bladder during the surgical procedure; and (2) Dr. Maynard's alleged breach of a standard of care by her failure to carefully inspect and detect Ms. Norman's injured bladder before concluding the surgical procedure. Helpful, however, does not mean

---

[15] *Norman v. All About Women, P.A.*, 2017 WL 5624303 at *2.

11

*mandatory*, as the Court's holding necessarily excludes Dr. Soffer's testimony as it relates to both standards of care allegedly breached by Dr. Maynard.

The Court first directs Ms. Norman's attention to Dr. Soffer's testimony, identified by the Defendants, and relied upon by the Court in the Court's Order for the proposition that Dr. Soffer did not rely upon medical literature or peer reviewed publications in forming his opinion that Dr. Maynard violated the two standards of care set forth above. Dr. Soffer testified, in part, as follows:

Q: Did you review any medical literature in preparation for this deposition or in connection with this case?

A: No

Q: Do you he [sic] intend to rely upon any medical literature at the time of trial?

A: No. I have certainly read many articles over my years of training and experience and practice about laparoscopic surgeries and about bladders and injuries, but not specifically for this case.

Q: I understand that. But you don't intend to walk in with some particular paper and say I'm relying upon this in support of my opinions?

A: No

Q: That's a correct statement?

A: Yes.

Q: I asked a double negative. I do that at least four times. When you talk about publications you read, are there any particular journals, Green, Gray journals that you routinely read?

A: I routinely read all of them, but nothing I can give you specifically to this case.

Q: Do you find the journals to be reasonably relied upon in the field of gynecological surgery?

A: They are helpful. They are educational. I don't know if I would use the term reliable. They are educational, just like textbooks are helpful and educational.[16]

It should be apparent from the quoted language that Dr. Soffer did not state that he relied upon medical literature or peer reviewed publications in reaching his opinion in regards to one standard of care but not the other. Instead, Dr. Soffer agreed that he did not rely upon *any* medical literature or peer reviewed publications in preparation for this case. Therefore, Dr. Soffer's admission undoubtedly applies to his opinion regarding both standards of care allegedly breached by Dr. Maynard.

In addition to Dr. Soffer's admission, the Court also considered Ms. Norman's complete failure to provide the Court with evidence that "Dr. Soffer's opinion is 'based on information reasonably relied upon by experts' in his field."[17] Again, like Dr. Soffer's foregoing admission, the Court did not find it essential to identify both of Dr. Soffer's disputed standard of care opinions because the Court's holding

---

[16] DS 50:22-52:1

[17] *Norman v. All About Women, P.A.*, 2017 WL 5624303 at *2.

13

axiomatically applies to both. If Ms. Norman had presented evidence regarding one standard of care but not the other, then it may have been necessary to make such a distinction. However, because she did not provide *any* evidence related to the basis of Dr. Soffer's testimony, the Court determined that a general overarching explanation was appropriate.

In sum, Dr. Soffer's testimony must be considered *in toto*, and he is precluded from testifying as to the standard of care regarding the two specific areas of medical negligence – (1) Dr. Maynard's alleged breach of a standard of care by injuring Ms. Norman's bladder during the surgical procedure; and (2) Dr. Maynard's alleged breach of a standard of care by her failure to carefully inspect and detect Ms. Norman's injured bladder before concluding the surgical procedure – identified by Ms. Norman in her supplemental letter in opposition to the Defendants' Motion for Summary Judgment.[18]

### 3. The Defendants' Motion for Summary Judgment

By statute, a plaintiff bringing a medical malpractice claim such as this one must be able to support that claim with expert medical testimony:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury or death . . . .[19]

---

[18] *See* Plaintiff's Letter in Opposition to the Defendants' Motion for Summary Judgment at 1, *Norman v. All About Women*, No. 139 (Del. Super. Nov. 29, 2017).

[19] 18 *Del. C.* § 6853.

"[T]he production of expert medical testimony is an essential element of a plaintiff's medical malpractice case and . . . is an element of which he or she bears the burden of proof."[20] Thus, a defendant is entitled to summary judgment if, after adequate time for discovery, "the record unambiguously reflects that the plaintiff's allegations are not and will not be supported by any expert medical testimony. . . ."[21]

In this case, as the Court has excluded the testimony of Ms. Norman's sole expert witness, the Court finds that Ms. Norman is incapable of pleading an essential element of her claim for medical malpractice. Therefore, the Defendants' Motion for Summary Judgment is hereby **GRANTED** because the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

In summary, the Court has found the following:

1. The parties' competing motions to strike are hereby **DENIED**.

2. The Defendants' Motion for Summary Judgment is hereby **GRANTED**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[20] *Burkhart,* 602 A.2d at 59.

[21] *Id.* at 60.