# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILMINGTON SAVINGS FUND )
SOCIETY, FSB, d/b/a Christina Trust, )
not individually but as trustee for )
Pretium Mortgage Acquisition Trust )
                                )

        Plaintiff(s), )      C.A. No. N16L-03-183 CLS
                                )

          v. )      NON-ARBITRATION
                                )      In Rem
Valerie J. Wojcik, Personal )      Sci. Fa. Sur Mortgage Action
Representative and Heir to the Estate of )      Mortgage Record 20110322-
Lawrence Gillen, aka Lawrence P. )      0015457
Gillen, Sr., Barbara Gillen aka Barbra )      Parcel No. 10-029.10-100
J. Gillen, (Heir), Robert J. Gillen )
(Heir), Jennifer C. Wojcik (Heir), )
Robert F. Wojcik (Heir), Joanne M. )
Whitehead aka Joanne Luthultz aka Jo )
Luthultz (Heir) and William E. Ellis )
(Heir) )
                                )
       Defendants.

## ORDER

Decided: March 28, 2018

On this 28th day of March, 2018, and upon consideration Plaintiff Wilmington Savings Fund Society's ("Plaintiff") Motion for Summary Judgment and Defendant Valerie J. Wojcik ("Defendant") Response thereto, the Court finds as follows:

1. On March 30, 2016 Plaintiff filed a *scire facias sur mortgage* complaint against Defendants seeking foreclosure of Plaintiff's interests in the property

known as 61 Appleby Road, New Castle, Delaware 19720 under the mortgage.

2. On September 1, 2016 Plaintiff filed its Amended Complaint to name additional heirs not included in the original complaint. Subsequently Plaintiff filed this Motion for Summary Judgment. Plaintiff contends that Defendants have not plead any of the allowable Defenses in a mortgage action under Delaware law.

3. Defendant Valerie J. Wojcik filed a Response on January 15,2018. Defendant contends that service of the complaint was not completed in regards to two of the named Defendants; William E. Ellis and Jennifer C. Wojcik. The record reflects that service for these individuals was completed personally by the Sheriffs of Kent and Sussex County respectively.

4. "The defenses available in a *scire facias sur* mortgage foreclosure action are limited and only those claims or counterclaims arising under the mortgage may be raised. Delaware courts recognize the defenses of payment, or satisfaction or avoidance."[1]

5. The Court may grant summary judgment if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be

---

[1] *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Mar. 4, 2013).

granted as a matter of law.[2]  All facts are viewed in a light most favorable to the non-moving party.[3]  When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[5]

6. To the extent that Defendants raised any defense in their filings, this Court may only recognize the defense of payment, satisfaction or avoidance. The Answer to Plaintiff's Complaint is void of Delaware's recognized defenses. Additionally, the Response to Plaintiff's Motion fails to demonstrate that there are any genuine issues of material fact.

7. For the foregoing reasons, Plaintiff Wilmington Savings Fund Society's Motion for Summary Judgment is **GRANTED** as to all Defendants.  The Court declines to refer this matter to mediation.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**

**Judge Calvin L. Scott, Jr.**

---

[2] Super. Ct. Civ. R. 56(c).
[3] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[4] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[5] *Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).