# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| KENNETH INFANTE, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N18C-08-130 FWW |
| | ) | |
| v. | ) | |
| | ) | |
| HORIZON SERVICES, INC. and | ) | |
| HORIZON SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 13, 2019
Decided: August 23, 2019

*Upon Plaintiff's Motion for Summary Judgment*
**DENIED.**

*Upon Defendants' Motion for Summary Judgment*
**DENIED.**

## ORDER

Daniel C. Herr, Esquire, Law Office of Daniel C. Herr LLC, 1225 N. King Street, Suite 1000, Wilmington, Delaware 19801; Attorney for Plaintiff Kenneth Infante.

Marc S. Casarino, Esquire, Karine Sarkisian, Esquire, White and Williams LLP, 600 N. King Street, Suite 800, Wilmington, Delaware 19801; Attorney for Defendants Horizon Services, Inc. and Horizon Services LLC.

**WHARTON, J.**

This 23rd day of August, 2019, upon consideration of the Motion for Summary Judgment of Plaintiff Kenneth Infante, the Response of Defendants Horizon Services, Inc. and Horizon Services, LLC, the Motion for Summary Judgment of Defendants Horizon Services, Inc. and Horizon Services, LLC, Plaintiff Kenneth Infante's Response in Opposition, and the record in this case, it appears to the Court that:

1.     Plaintiff Kenneth Infante ("Infante") brought this action for compensatory and punitive damages against Horizon Services, Inc. and Horizon Services, LLC (collectively "Horizon") alleging that Horizon, his former employer, retaliated and discriminated against him in violation of 19 *Del. C.* § 2365 for pursuing workers' compensation benefits in Pennsylvania.[1]

2.     Infante moves for summary judgment.[2] He argues that Horizon has repeatedly admitted that it terminated his employment because he filed a "false" injury claim and a workers' compensation claim that was denied.[3] He contends that those stated reasons for his firing were unlawful under Delaware's Workers' Compensation Act, which makes it unlawful to discharge or retaliate against an employee because that employee claimed workers' compensation benefits.[4] He also

---

[1] Pl.'s First Amend. Compl., D.I. 18.
[2] Pl.'s Mot. Summ. J., D.I. 30.
[3] *Id.* at 4.
[4] *Id., citing* 19 *Del. C.* § 2365.

2

contends that Horizon's subjective belief, if it truly held such a belief, that Infante's injury claim was false and his workers' compensation claim fraudulent are not cognizable defenses under 19 *Del. C.* § 2365.[5] Finally, Infante argues that, even if Horizon's subjective belief did constitute a defense, Horizon waived that defense when the parties settled the workers' compensation claim by entering into a stipulation titled Compromise and Release Agreement by Stipulation Pursuant to Section 449 of the Workers' Compensation Act ("Stipulation").[6]

3. Horizon disputes that it fired Infante for pursuing a workers' compensation claim.[7] Instead, Horizon maintains that it fired Infante for his dishonesty and for falsifying an injury claim.[8] Horizon argues that its subjective intent in firing Infante is a defense to his retaliation claim as its intent goes to whether there was a causal connection between Infante's exercise of his workers' compensation rights and the adverse employment action.[9] Finally, Horizon argues that the stipulation does not constitute a waiver of its defense because the stipulation contained language that Horizon denied, and continued to deny that Infante sustained a work related injury.[10]

---

[5] *Id.* at 5-6.
[6] *Id.*
[7] Defs.' Resp. Pl.'s Mot. Summ. J., D.I. 34.
[8] *Id.*
[9] *Id.* at 5-6.
[10] *Id.* at 3-4.

3

4. Horizon also moves for summary judgement.[11] It claims that the stipulation settled all disputes between the parties, both pending at the time and prospectively.[12] Infante, on the other hand, argues that the stipulation was limited to the workers' compensation claim and does not bar this action for retaliation.[13] Infante also argues that Horizon made this argument previously in connection with Horizon's motion to dismiss and this Court rejected it.[14]

5. The Court considers the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[15] Summary judgment will be appropriate only when, upon viewing all of the evidence in the light most favorable to the non-moving party, the Court finds that there is no genuine issue of material fact.[16] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[17] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision

---

[11] Defs.' Mot. Summ. J., D.I. 35.
[12] *Id.*
[13] Pl.'s Resp. Defs' Mot. Summ. J., D.I. 37.
[14] *Id.*
[15] Del. Super. Ct. Civ. R. 56(c).
[16] *Singletarry v. Amer. Dept. Ins. Co.* 2011 WL 607017 at *2 (Del. Super.) (citing *Gill v. Nationwide Mut. Inc. Co.*, 1994 WL 150902 at *2 (Del. Super.)).
[17] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

4

as a matter of law.[18]

6.     Addressing first Infante's motion for summary judgment, it is clear to the Court that at this stage of the case there are genuine issues of material fact as to Horizon's reasons for firing Infante. Infante maintains that Horizon fired him because he asserted his workers' compensation rights. Horizon maintains it fired him, not for pursing a workers' compensation claim, but rather for dishonesty in reporting the circumstances of the motor vehicle collision in which Infante claims he was injured, as well as the seriousness of that claimed injury. Both parties have tendered evidence that they claim supports their respective positions. Sorting out the weight and value of that evidence is exactly what trials are supposed to do. Moreover, Horizon is entitled to present evidence tending to negate a nexus between Infante's exercise of his workers' compensation rights and the adverse employment action. In other words, Horizon may present evidence that, *contra* Infante, it did not retaliate. Finally, the stipulation does not constitute a waiver by Horizon since it states that Horizon "denied, and continues to deny, that claimant [Infante] sustained a work injury."[19] Accordingly, there are clear issues of material fact that must await trial.

7.     The Court next turns to Horizon's motion for summary judgment. That

---

[18] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[19] Pl.'s Mot. Summ. J. Ex. H at 5, ¶¶ 4, 10.

5

motion focuses on the stipulation resolving the Pennsylvania workers' compensation claim.[20] The Court discussed the stipulation when it denied Horizon's motion to dismiss on February 18, 2019.[21] In that Order the Court held, in part, "Retaliation claims, as brought here, are not compensable under the Pennsylvania Workers' Compensation Act, and, thus, not subject to the jurisdiction of a workers' compensation judge. Accordingly, the stipulation does not bar the claims here."[22] Horizon does not attempt to explain why the Court should rule differently now in the context of its summary judgment motion. In fact, Horizon does not even mention the Court's previous ruling. The Court sees no reason to abandon that ruling and finds Horizon's motion for summary judgment to be without merit.

**THEREFORE**, Plaintiff Kenneth Infante's Motion for Summary Judgment is **DENIED.** Defendants' Horizon Services, Inc.'s and Horizon Services, LLC's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

---

[20] Defs.' Mot. Dismiss, Ex. A., D.I. 10.
[21] *Infante v. Horizon Services, Inc.* 2019 WL 1126058 (Del. Super, Feb. 18, 2019).
[22] *Id.* at *2.

6