# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JPMorgan Chase Bank, National Association, a national banking association organized and existing under the laws of the United States of America; Assignee of Mortgage Electronic Registrations Systems, Inc., as a nominee, a corporation organized and existing under the laws of the State of Delaware

       Plaintiff,

        v.

JOSEPH A. CUNNINGHAM, Jr. Personal Representative and Heir, HOWARD S. CUNNINGHAM, Heir, PAULETTE CUNNINGHAM, Heir, and YASMEEN CUNNINGHAM, Heir,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N12L-11-093 CLS

## ORDER

Decided: January 19, 2018

On this 19th day of January, 2018, and upon consideration Plaintiff JPMorgan Chase Bank's ("Plaintiff") Motion for Summary Judgment and Defendant Joseph Cunningham's ("Defendant") Response thereto, the Court finds as follows:

1. On November 26, 2012 Plaintiff filed a *scire facias sur mortgage* complaint against Defendants seeking foreclosure of Plaintiff's interests in 247 Auckland Drive, Newark DE 19702 under the mortgage.

2. Defendant elected to participate in mediation, but he did not appear at the mediation conference on April 17, 2013. Plaintiff's Motion to Dismiss Defendant's counterclaims was granted on June 9, 2014. Plaintiff filed a Motion to Amend the Complaint on September 6, 2016. The Court granted Plaintiff's Motion. Plaintiff filed its Amended Complaint on January 17, 2017. Subsequently Plaintiff filed this Motion for Summary Judgment. Plaintiff contends that Defendants have not plead any of the allowable Defenses in a mortgage action under Delaware law.

3. Defendant Joseph Cunningham filed a Response on August 24, 2017 and a document filed as "Notice from Defendant" on October 11, 2017.

4. "The defenses available in a *scire facias sur* mortgage foreclosure action are limited and only those claims or counterclaims arising under the mortgage may be raised. Delaware courts recognize the defenses of payment, satisfaction or avoidance."[1]

---

[1] *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Mar. 4, 2013).

5. The Court may grant summary judgment if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[2] All facts are viewed in a light most favorable to the non-moving party.[3] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[5]

6. To the extent that Defendants raised any defense in their filings, this Court may only recognize the defense of payment, satisfaction or avoidance. The Answer to Plaintiff's Complaint is void of Delaware's recognized defenses. Additionally, the Response to Plaintiff's Motion, and subsequent filing, fails to demonstrate that there are any genuine issues of material fact.

7. For the foregoing reasons, Plaintiff JPMorgan Bank's Motion for Summary Judgment is **GRANTED** as to all Defendants. **IT IS SO ORDERED.**

**/s/ Calvin L. Scott**

**Judge Calvin L. Scott, Jr.**

---

[2] Super. Ct. Civ. R. 56(c).
[3] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[4] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[5] *Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).