**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

WELLS FARGO BANK, N.A., )
                        )
     Plaintiff, )
                        )
        v. )
                        )    C.A. No. N16L-07-049 CLS
BETH A. SCHIAVO, THE UNITED )
STATES OF AMERICA, )
                        )
     Defendants. )

## ORDER

Decided: January 26, 2018

On this 26th day of January, 2018, and upon consideration Plaintiff Wells Fargo Bank's ("Plaintiff") Motion for Summary Judgment and Defendant Beth A. Schiavo's ("Defendant") Response thereto, the Court finds as follows:

1. On July 8, 2016 Plaintiff filed a *scire facias sur mortgage* complaint against Defendants seeking foreclosure of Plaintiff's interests in 8 Wyndom Circle, Hockessin, Delaware, 19707 under the mortgage.

2. Defendant's counsel filed an Answer on September 9, 2016. Plaintiff filed this Motion for Summary Judgment on July 17, 2017. Defendant's counsel filed a Motion to Withdraw on September 22, 2017. This Court granted the Motion to Withdraw and extended the time for Defendant to respond to

Plaintiff's Motion for Summary Judgment. Defendant filed her response on November 3, 2017.

3. Plaintiff argues that summary judgment is appropriate because Defendant raised unsupported defenses and did not plead any allowable defenses to raise a genuine issue of material fact.

4. "The defenses available in a *scire facias sur* mortgage foreclosure action are limited and only those claims or counterclaims arising under the mortgage may be raised. Delaware courts recognize the defenses of payment, satisfaction or avoidance."[1] "A plea in avoidance must 'relate to the mortgage sued upon, i.e., the plea must relate to the validity or illegality of the mortgage documents'."[2] The "recognized avoidance defenses include: acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents, ratification, unjust enrichment and waiver."[3]

5. The Court may grant summary judgment if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[4] All facts are viewed in a light most favorable to

---

[1] *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Mar. 4, 2013).
[2] *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at * 2 (Del. Super. Sept. 12, 2013).
[3] *Id.*
[4] Super. Ct. Civ. R. 56(c).

the non-moving party.[5]  When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[6] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[7]

6. To the extent that Defendant raised any defense in her filings, this Court may only recognize the defense of payment, satisfaction or avoidance. There is no allegation before the Court to demonstrate avoidance.  Additionally, the Response to Plaintiff's Motion failed to provide specific facts of the defense of avoidance.  When viewing the facts in a light most favorable to the non-moving party, a reasonable juror could not find for Defendant.

7. For the foregoing reasons, Plaintiff Wells Fargo Bank's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**

---

[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[6] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[7] *Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).