# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **CLUNY V. LOUIS-HUMPHREY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **C.A. No. N18C-05-200 FWW** |
| **v.** | ) |
| | ) |
| **ANDRES DE COS, LLC,** | ) |
| | ) |
| **Defendant,** | ) |
| **Counterclaim-Plaintiff,** | ) |

Submitted: May 1, 2019
Decided: August 22, 2019

*Upon Plaintiff's Motion for Summary Judgment*:
**DENIED.**

*Upon Defendant, Counterclaim-Plaintiff's Motion for Summary Judgment*:
**DENIED.**

## ORDER

Perry F. Goldlust, Esquire, Perry F. Goldlust, LLC, 1203 N. Orange Street, Second Floor, Wilmington, Delaware 19801, Attorney for Plaintiff Cluny V. Louis-Humphrey.

Daniel C. Herr, Esquire, 1225 N. King Street, Suite 1000, Wilmington, Delaware 19801; Attorney for Defendant, Crossclaim Plaintiff Andres De Cos, LLC.

**WHARTON, J.**

This 22nd day of August, 2019, upon consideration of the cross-motions for summary judgment of Plaintiff Cluny V. Louis-Humphrey and Defendant Crossclaim-Plaintiff Andres De Cos, LLC, the responses in opposition to each motion, and the record in this case, it appears to the Court that:

1.     This unfortunate litigation results from a dispute over compensation between lawyers - Plaintiff Cluny V. Louis-Humphrey ("Louis-Humphrey") and her former employer, Andres De Cos, LLC ("De Cos, LLC"). In her complaint Louis-Humphrey makes two claims against De Cos, LLC, generally alleging that De Cos, LLC violated 19 *Del. C.* Ch. 11, the Delaware Wage Payment and Collection Act, by failing to make prompt payment of settlement proceeds from certain designated cases in violation of the parties Compensation Agreement.[1] After motion practice and the filing of an answer in the Court of Common Pleas, the matter was transferred to the Superior Court.[2] Here, De Cos, LLC counterclaims, alleging that Louis-Humphrey received an overpayment according to the compensation formula espoused in her Complaint, which De Cos, LLC now seeks to recover.[3]

2.     Both parties move for summary judgment based on their respective interpretations of the Compensation Agreement.   What is not is dispute is that in March 2013, De Cos, LLC hired Louis-Humphrey as an at will employee. At that

---

[1] Pl.'s Complaint, D.I. 1.
[2] *See* D.I. 1.
[3] Def.'s Counterclaim, D.I. 5.

2

time, she was a member of the Pennsylvania bar. She was admitted to the Delaware bar in 2014. During 2015 and 2016, Louis-Humphrey remained as an at will employee. In 2015, she was paid a fixed monthly amount plus an additional amount from fees received from certain cases.[4] Louis-Humphrey's compensation for 2016 was modified at her request in discussions memorialized through a series of emails. She remained employed by De Cos, LLC until December 20, 2016, after which she open her own practice. What is in dispute is the meaning certain terms of the Compensation Agreement for 2016. Unfortunately, the term Compensation Agreement implies a contractual formality that is absent from the parties arrangement. Instead of a single document laying out all of the terms of Louis-Humphrey's employment and the details of her compensation plan, the Compensation Agreement is a series of emails between Louis-Humphrey and Andres De Cos, Esquire ("De Cos")[5] negotiating her compensation for 2016.

3. It appears that Louis-Humphrey opened the discussions for a change in compensation with an email to De Cos on December 14, 2015. In that email, she writes that she had intended to wait to bring up the subject until the new year, but, because she was going to be out then, she decided to propose a new arrangement in

---

[4] The parties disagree how to characterize this additional compensation. Louis-Humphrey describes it as a commission based on fees recovered by her from cases originated by her, while De Cos, LLC calls it a bonus or commission regularly paid to her upon receipt of certain fees. Pl's Op. Br. Mot. Summ. J. at Ex. 3, D.I.
[5] De Cos is the principal of De Cos, LLC.

3

the email.[6] The arrangement she proposed was "splitting profits from the Haitian clients 50-50."[7] De Cos responded the same day in a lengthy email, breaking down De Cos, LLC's income and expenses, including the contributions to each from both Louis-Humphrey and De Cos.[8] His proposal was: "Commission on cases originated by Vanessa [Louis-Humphrey] per year, starting in 2016, will be 33% for the first 100k originated, and 50% on anything originated above that thru $250k, and 66% on any fees originated above $250k."[9] Louis-Humphrey's counteroffer was "36% up to 100k, then 56% on anything originated above that thru 250k, and 66% on any fees originated above 250k."[10] De Cos responded, again in a lengthy email, accepting her proposal and explaining his thinking about Louis-Humphrey, the firm, and her place in it then and in the future.[11] The parties differing interpretations of this agreement as it relates to commissions form the basis of this lawsuit and countersuit.

4.     In her summary judgment motion, Louis-Humphrey argues that she is entitled to all fees paid from the proceeds of claims settled for clients she originated.[12] She attaches several lists to her motion. Those lists purport to itemize

---

[6] Def's Op. Br. Mot. Summ. J. App.at 106, D. I. 15.
[7] Id.
[8] Id. at 104-06.
[9] Id. at 106.
[10] Id. at 103.
[11] Id. at 101-02.
[12] Pl.'s Op. Br. Mot. Summ. J. at 4, D.I. 14.

4

fees she claims she is owed, broken down into two categories.[13]   One, titled

**"ADMITTEDLY CLEARLY NEGOTIATED/AWAITING CHECK"** identifies

nine cases where Louis-Humphrey claims De Cos, LLC admits that she originated

cases that were "clearly negotiated" at the time she left the firm, resulting in

$14,344.43 being owed to her.[14]  For seven of those nine cases, she claims De Cos,

LLC paid her commissions at a rate of 33% instead of 66%, resulting in a balance

owed of 33%.[15]  No commission was paid on the other two cases, resulting in a

balance owed of 66%.    Another chart is titled, **"REMAINING CASES

($29,447.26)."**[16] The 19 cases listed on this exhibit purport to be cases that De Cos,

LLC denies owing Louis-Humphrey anything and that she claims De Cos, LLC owes

her 66% of the recovery.[17] A third list contains all of the cases identified in the other

two list, plus an additional six cases.[18] This list purports to be a list of all of the cases

for which Louis-Humphrey was not paid her commission or was paid less than the

agreed commission.[19]

5.     De Cos, LLC has filed its own motion for summary judgment.[20]  In De

---

[13] *Id.* at Exs. 5-7.
[14] *Id.* at Ex. 6.
[15] *Id.*
[16] *Id.* at Ex. 7.
[17] *Id.*
[18] *Id.* at 5.
[19] Pl.'s Op. Br. Mot. Summ. J. at 4, n. 10, D.I. 14.
[20] Def.'s Op. Br. Mot. Summ. J., D.I. 15.

Cos LLC's view, when De Cos, LLC increased Louis-Humphrey's compensation for 2016, it merely extended the arrangement under which the parties had been operating with higher levels of compensation.[21] Under that arrangement, Louis-Humphrey was required to work on the cases for which she would receive a commission, and bring those cases to a close.[22] It was only after Louis-Humphrey left to form her own firm that she attempted to revise what had been a clear and unambiguous compensation arrangement.[23] In De Cos, LLC's view, Louis-Humphrey's theories justifying her claim for additional compensation, and the amount of that additional compensation have evolved over time.[24] De Cos, LLC also presents several alternative arguments, the upshot of which is that either De Cos, LLC owes Louis-Humphrey nothing, or she owes De Cos, LLC $70,299.96 in overpayments.[25]

6.      Superior Court Civil Rule 56(c) provides that summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such

---

[21] *Id.* at 1-2.
[22] *Id.* at 1.
[23] *Id.*
[24] *Id.*
[25] *Id.* at 26-30.

6

issues."[26] The moving party bears the initial burden of demonstrating that the undisputed facts support his or her claims or defenses.[27] If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.[28] The Court considers the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[29] Summary judgment will be appropriate only when, upon viewing all of the evidence in the light most favorable to the non-moving party, the Court finds that there is no genuine issue of material fact.[30] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[31] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[32] Superior Court Rule 56(h) provides that "Where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material

---

[26] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992).
[27] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[28] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[29] Del. Super. Ct. Civ. R. 56(c).
[30] *Singletarry v. Amer. Dept. Ins. Co.* 2011 WL 607017 at *2 (Del. Super.) (citing *Gill v. Nationwide Mut. Inc. Co.*, 1994 WL 150902 at *2 (Del. Super.)).
[31] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).
[32] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits..."

7. It appears to the Court that there are genuine issues of material fact such that neither party is entitled to summary judgment. It further appears to the Court that it seems desirable to inquire more thoroughly into to the facts to clarify the application of the law. It is unnecessary to inventory all of the disputed issues here. But, broadly speaking, they revolve around the compensation arrangement prior to 2016 and how much of the parties understanding of that arrangement was imported into the 2016 modification. Other more particularized issues of fact involve the details of particular cases, such as who "originated" the case, how much work was done on the case and by whom, when the case was settled, when funds were received by De Cos, LLC, and what percentage of the fee, if any, was due Louis-Humphrey.

8. Despite there being cross motions for summary judgment before the Court, the Court does not deem the motions to be the equivalent of a stipulation for decision on the merits. The presence of genuine issues of material fact, and the need to inquiry more thoroughly into the facts preclude such a determination.

**THEREFORE**, Plaintiff Cluny V. Louis-Humphrey's Motion for Summary Judgment is **DENIED**. Defendant, Counterclaim-Plaintiff Andres De Cos LLC's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED**.

_____
Ferris W. Wharton, J.