# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SIEDAH ROSA VAZQUEZ,               )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )    C.A. No. N19C-10-265 FWW
THE ESTATE OF KEITH                )
ORZECHOWSKI, CHRISTOPHER           )
ORZECHOWSKI, and BRITTANY          )
ORZECHOWSKI,                       )
                                   )
        Defendants.                )

Submitted: March 27, 2020
Decided: July 13, 2020

*Upon Defendants' Motion for Summary Judgment*
**GRANTED**

## OPINION AND ORDER

David E. Matlusky, Esquire, The Matlusky Firm, LLC, 1423 N. Harrison Street, Wilmington, DE 19806; Attorney for Plaintiff.

Clark C. Kingery, Esquire, Clark C. Kingery, P.A. 2013 W. 18th Street, Wilmington, DE 19802; Attorney for Defendants.

**WHARTON, J.**

# I. INTRODUCTION

This Court is the third stop in the parties' journey undertaken to resolve a dispute involving a property located at 202 South Connell Street in Wilmington, Delaware ("property"). The origins of the dispute are found in a Lease with Option to Purchase executed by the deceased fathers of the Plaintiff, Siedah Rosa Vazquez ("Vazquez") and the individual Defendants, Christopher and Brittany Orzechowski ("the Orzechowskis"). That agreement, executed on January 7, 2009, contemplated a 10 year lease of the property at a rate of $600 per month with an option in favor of the tenant to buy the property, exercisable on or before 10 years from the date of the agreement. After Vazquez' father, the tenant in the original agreement, died, she executed a nearly identical Lease Agreement with Option to Purchase ("Agreement") with the Orzechowski's father on February 1, 2010 for a term of nine years at the same monthly rent. The option to purchase expired nine years from the date of the Agreement. The Orzechowskis' father died in November 2017, with the property passing by intestate succession to the Orczechowskis. Ultimately, a dispute between the children of the original landlord and the child of the tenant arose. The Orzechowskis brought a summary possession action in the Justice of the Peace Court. That matter was stayed while Vazquez litigated in the Court of Chancery. After the Chancery Court action was dismissed on the Orzechowski's motion, the parties returned to Justice of the Peace Court. There the case was stayed again while

2

Vazquez brought this action in the Superior Court. The Orzechowskis, along with the estate of their father (collectively "Defendants"), move for summary judgment, effectively asking this Court to send the case back to where this litigation journey began, in the Justice of the Peace Court. If the parties are to continue their litigation journey, a return to the Justice of the Peace Court is the next stop. The Court finds that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. The Motion for Summary Judgment is **GRANTED.**

## II. PROCEDURAL HISTORY

The Defendants began litigating in the Justice of the Peace Court in January, 2019. They claimed that Vazquez was in arrears in her rental payments, and so, they sought summary possession and back rent.[1] That case was stayed at the joint request of the parties pending a declaratory judgment action brought by Vazquez in the Court of Chancery.[2] The Chancery matter ended when that court dismissed the case on the Defendants' motion for lack of equitable jurisdiction.[3] On November 25, 2019, the Justice of the Peace Court case was stayed again, indefinitely, pending resolution of this action brought in Superior Court.[4] The Complaint in this Court alleges breach

---

[1] Defs.' Mot. Summ. J. at 1, D.I. 9.
[2] *Id.*, Stip. of Facts.
[3] *Siedah Rosa Vasquez v. Estate of Keith Orzechowski, et al.,* F&S Transaction ID 64113469 (Del. Ch. Aug. 20, 2019, Zurn, VC).
[4] Defs.' Mot Summ. J. at 2, D.I. 9.

of contract.[5] Vazquez alleges that she has performed all of her obligations under the Agreement, but the Defendants breached the Agreement by "wrongfully declaring the Contract in default, threatening Plaintiff with termination and/or forfeiture without justification or cause, creating a judgment lien against the property and wrongfully filing an action for Summary Possession."[6] She demands judgment for all rental payments, reimbursement for improvements and repairs to the property, a declaration that the Justice of the Peace Court action is void, and counsel fees and costs.[7] The Defendants move for summary judgment, arguing that, based on the stipulated facts, Vazquez is in breach of the Agreement by failing to pay rent and property taxes, and wrongfully claims that they are in breach.[8] They argue that the matter can, and should, be fully litigated in the Justice of the Peace Court.[9]

### III. FACTS

In the Court of Chancery matter, the parties submitted a Stipulation of Facts. Defendants have provided this Court with the same Stipulation of Facts for the purpose of resolving this motion.[10] There are no facts, other than those found in the Stipulation, in the record in this case. The following facts found in the Stipulation

---

[5] Compl., D.I.1.
[6] *Id.*
[7] *Id.*
[8] Defs.' Mot. Summ. J., D.I. 9.
[9] *Id.*
[10] *Id.,* Stip. of Facts.

4

are relevant to the Court in deciding this motion: (1) the Agreement entered into by Vazquez and the Orzechowskis' father, Keith Orzechowski, attached to the Stipulation as Exhibit "B", is a legally binding contract; (2) prior to the death of Keith Orzechowski, Vazquez was never advised that she was in default of the Agreement, nor were any actions ever brought against her by Keith Orzechowski; (3) Vazquez, who has occupied the property since January, 2009 (presumably with her father, since that is when he executed the original agreement), has paid $600 per month through March, 2018; (4) as of December, 2018, there are delinquent real estate taxes in the amount of $10,026.65 owed to the City of Wilmington and $10,026.65 owed to New Castle County; (5) there is a judgment lien against the property in the original amount of $40,958.85 entered against Keith Orzechowski in the Family Court and transferred to the Superior Court on June 29, 2010; (6) "[n]ot withstanding [sic] the present filing before this Court [the Court of Chancery] and subject to the facts incorporated in this stipulation, Plaintiff [Vazquez] has not acted to exercise the Purchase Option in Paragraph 9 of the Agreement;" (7) Vazquez filed a *lis pendens* with the New Castle County Recorder of Deeds; (8) after retaining counsel, Vazquez has deposited $7,200 into her counsel's escrow account.[11]

The relevant provisions of the Agreement between Vazquez and Keith Orzechowski are: (1) the lease was for a term of nine years beginning on February

---

[11] *Id.*

5

1, 2010 at the rate of $600 per month payable monthly, with an option to purchase; (2) should Vazquez exercise her option to purchase, the monthly rental payments would be applied to reduce the purchase price; (3) Vazquez was responsible for all utilities, real estate taxes, and repairs; (4) Vazquez had a right to purchase the property on or before nine years from the date of the lease for a purchase price of $75,000 in exchange for a deposit of $13,200; (5) both the deposit and the rental payments were to be applied to reduce the purchase price; (6) should Vazquez default on the lease agreement, both the deposit and the rental payments would be forfeited; (7) the landlord was prohibited from terminating the lease unless Vazquez was in default of three months' rent, but if Vazquez was in default for that period of time, she forfeited her right to purchase the property; (8) if Vazquez failed to cure any condition of the lease (other than payment of rent) within 30 days of a written demand, the landlord had the option to declare the lease null and void; and (9) the landlord was obliged to keep any mortgage payments current and not create any new liens against the property.[12]

## IV. THE PARTIES' CONTENTIONS

In their motion for summary judgment, Defendants argue that the Stipulation of Facts establishes that there are no genuine issues of material fact and they are

---

[12] *Id.* at Ex. B.

entitled to judgment as a matter of law.[13] Specifically, they argue that, in effect, Vazquez has stipulated she was in default of the Agreement because she has stipulated that she has not paid property taxes or rent for two years.[14] They point out that Vazquez has stipulated that she has not moved to exercise the Purchase Option, and that option has expired.[15] The Defendants dispute that they breached the Agreement by virtue of the judgment lien against the property incurred by Keith Orzechowski, contending that the landlord did not "create" a new lien when judgment was entered against him.[16] In any event, they maintain that type of lien was outside the contemplation of the provision barring the landlord from creating new liens, which they say was directed at stripping equity through new mortgage financing.[17] Finally, Defendants argue that this issue can and should be resolved in the context of their action for summary possession in the Justice of the Pease Court.[18]

Vazquez opposes the motion. In doing so, she incorporates by reference the "stipulated facts agreed to by the parties."[19] She claims she was current on all monthly rental and tax payments at the time of Keith Orzechowski's death, and it

---

[13] Defs.' Mot. Summ. J., D.I. 9.
[14] *Id.* at 3.
[15] *Id.*
[16] *Id.* at 5.
[17] *Id.*
[18] *Id.*
[19] Pl.'s Resp. to Defs.' Mot. Summ. J., at 2, D.I. 12.

7

was only after she declined to enter into a new lease agreement that the Orzechowskis declared the Agreement null and void via written and oral communications with her.[20] Vazquez maintains that this declaration was without legal basis in that she was not in breach of any her contractual obligations.[21] She also claims that the judgment against Keith Orzechowski is a cloud on the property's title that prevents the Defendants from transferring good, marketable title to her.[22]

In opposing the motion Vazquez argues: (1) there are genuine issues material fact precluding summary judgment, notwithstanding the joint Stipulation of Facts; (2) the Superior Court has subject matter jurisdiction over the case since it not about possession of the property, but rather, the interpretation of the Purchase Option provision of the Agreement; (3) pursuant to the Declaratory Judgment Act,[23] summary judgment is inappropriate on her request for declaratory relief because there are genuine issues of material fact relating to Vazquez' claim that the Defendants breached the contract by unlawfully declaring the contract null and void in the absence of any breach by her and allowing a judgment to attach to the property, and Defendants have not asserted any grounds under which they are entitled to judgment as a matter of law; (4) the option to purchase the property remains open

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] 10 *Del. C.* § 6502.

because the Defendants declared the contract null and void before the date set forth in the contract; (5) declaratory judgment would "permit the parties to understand their rights under the Contract and allow the Court to better craft a resolution to this issue; and (6) there are genuine issues of material fact related to Vazquez' request for breach of contract damages.[24]

## V. STANDARD OF REVIEW

Superior Court Civil Rule 56(c) provides that summary judgment is appropriate when "there is no genuine issue of material fact...and the moving party is entitled to judgment as a matter of law.[25] The moving party initially bears the burden of establishing both of these elements; if there is such a showing, the burden shifts to the non-moving party to show that there are material issues of fact for resolution by the ultimate fact-finder.[26] The Court considers the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[27] Summary judgment will be appropriate only when, upon viewing all of the evidence in the light most favorable to the non-moving party, the Court finds that there is no genuine

---

[24] Pl.'s Resp. to Defs.' Mot. Summ. J. at 3-6, D.I. 12.
[25] Del. Super. Ct. Civ. R. 56(c).
[26] *See, Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979) (citations omitted).
[27] Del. Super. Ct. Civ. R. 56(c).

issue of material fact.[28] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[29] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[30]

## VI. DISCUSSION

The Complaint alleges a single count of breach of contract.[31] In support of that claim, by way of background, and in addition to the stipulated facts, it alleges, that the contract provides that the Property shall be transferred to Plaintiff in January of 2019,[32] the Orzechowskis wrongfully declared Vazquez in breach of the contract,[33] Vazquez has never been in breach or default of the contract,[34] and Vazquez began depositing rental payments into new attorney's escrow account "due to an abundance of caution regarding who is the rightful receiver of the payments and the status of the anticipated transfer of the property."[35] In Count One Breach

---

[28] *Singletarry v. Amer. Dept. Ins. Co.* 2011 WL 607017 at *2 (Del. Super.) (citing *Gill v. Nationwide Mut. Inc. Co.*, 1994 WL 150902 at *2 (Del. Super.)).
[29] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).
[30] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[31] Compl., D.I. 1.
[32] *Id.* at ¶ 13.
[33] *Id.* at ¶ 19.
[34] *Id.* at ¶ 20.
[35] *Id.* at ¶ 21.

of Contract, Vazquez alleges that she has performed all obligations under the contract.[36] She alleges that the Defendants breached the contract by "wrongfully declaring the Contract in default, threatening Plaintiff with termination and/or forfeiture without justification or cause, creating a judgment lien against the property and wrongfully filing an action for Summary Possession."[37] The specific relief she requests is a judgment against the Defendants for payments made for rent, improvements, and repairs, counsel fees and court costs, and a declaration that the Summary Possession action in Justice of the Peace Court is void.[38]

After carefully reviewing the Complaint, the Defendants' Motion for Summary Judgment, the Statement of Facts, and Vazquez' Response to Defendants' Motion for Summary Judgment, the Court makes several observations. First, nowhere in the complaint for breach of contract, does Vazquez ask for declaratory relief in construing the option to purchase.[39] Moreover, this Court does not issue

---

[36] *Id.* at ¶ 25.

[37] *Id.* at ¶ 26.

[38] *Id.* at ¶ 27.

[39] The only "declaration" requested in the prayer for relief is a declaration that the Justice of the Peace Court action be void. Vasquez has offered no authority supporting this Court's authority to declare an action in another court void. Further, this Court does not perceive this declaratory relief to be any different from the impermissible anti-suit injunction sought by Vasquez in the Court of Chancery and rejected by that court. *Vasquez,* Del. F&S Transaction ID 64113469 at 7, (Del. Ch. Aug. 20, 2019, Zurn, V.C.). Finally, this Court expects that the Justice of the Peace Court will apply any applicable considerations of collateral estoppel when resolving the matter in that court.

11

decisions "to permit the parties to understand their rights under the Contract." This case is a breach of contract case, nothing more and nothing less. Next, certain allegations in the Complaint are not supported by the Statement of Facts, and in fact, are inconsistent with it. The Agreement does not provide that the property **shall** be transferred to Vazquez in January, 2019. The Agreement merely gives Vazquez the right to exercise an option to purchase the property on or before February 1, 2019.[40] The Agreement did not contemplate that transfer of title would occur automatically at a date certain. Vazquez' allegation in her Complaint that she has performed all of her obligations in the Agreement cannot be squared with her stipulation that she has paid no rent to the Defendants since March, 2018 and is more than $20,000 in arrears in real estate taxes.

It is clear to the Court that, by her own admission in the Stipulation of Facts, Vazquez breached the Agreement by failing to pay rent to the Defendants and by failing to pay real estate taxes.[41] Nevertheless, Vazquez argues that Defendants have breached the Agreement by improperly declaring it null and void. However, this assertion does not appear in the statement of facts, nor is it supported by affidavit.

---

[40] Defs.' Mot. Summ. J., Stip. Of Facts, Ex. B at ¶ 9, D.I. 9.

[41] It is not clear to the Court, and Vasquez has provided no explanation, why depositing rental payments with her attorney should absolve her of her obligation to pay rent to Defendants. Also the amount of the delinquent real estate taxes indicates that Vasquez had been breaching her contractual obligation to pay them for some time.

Even if true, such a declaration did not affect Vazquez' possession of the property, nor did it affect her ability to assert her right to exercise the purchase option.[42] She also alleges that the Defendant breached the Agreement by incurring a judgment lien against the property of more than $40,000.[43] Perhaps so. Defendants argue that the judgment lien was not "created" by Keith Orzechowski as they view the contractual provision as designed to prevent stripping equity from the property by new mortgage financing. Why this distinction should matter to Vazquez is a mystery, since she could not receive clear title to the property until all liens, whether incurred by judgment or mortgage, were satisfied. The Court has taken notice of its own record in the judgment matter against Keith Orzechowski.[44] The judgment was entered against Keith Orzechowski in the interest of Christopher and Brittany Orzechowski, the individual defendants here, for child support arrearages.[45] The judgment has not been satisfied on the record, and it is unknown whether there were any payments made toward the original judgment amount. The parties have not addressed the significance of these facts, and the Court makes no findings in that regard.

---

[42] Whether the Defendants would have resisted her attempt to exercise her purchase option is an open question.

[43] The Court notes the judgment lien was entered by the Superior Court on June 29, 2010, just 5 months after the nine year lease began. The record is silent about when Vasquez learned of the lien.

[44] *Hampton v. Orzechowski*, N10J-01667. (Del. Super, Jun. 29, 2010).

[45] *Id.*

13

In the end, however, all of these questions about whether one party, or the other, or both, breached the Agreement are beside the point. The Court need not resolve them because the one event that was necessary to preserve Vazquez' claim never happened. She never exercised her option to buy the property, and that option has expired. Paragraph 14 of the Stipulation of Facts reads: "Not withstanding [sic] the present filing before the Court [Court of Chancery] and subject to the facts incorporated in this stipulation, Plaintiff [Vazquez] has not acted to exercise the Purchase Option set forth in Paragraph 9 of the Agreement." The Court interprets this paragraph to mean that in spite of the Court of Chancery lawsuit, unless stated in the Stipulation of Facts, Vazquez has not acted to exercise her option to purchase. Nothing in the Statement of Facts can be construed as an exercise of that option. Thus, there is no genuine issue of material fact that Vazquez did not exercise her option to purchase the property before it expired. Defendants are entitled to judgment as a matter of law because the contract has expired. The allegations that Defendants breached the contract by wrongfully declaring the Agreement in default and threatening her with termination and/or forfeiture without just cause resulted in no appreciable, compensable harm to Vazquez since she remained in possession of the property through the lease term. Whether the judgment lien created a lien against the property in violation of the Agreement might have been an issue had Vazquez exercised her option to purchase the property, but she did not, and, as a result, it is

not. Finally, filing an action for summary possession in the court with exclusive jurisdiction over such matters, which has yet to be adjudicated, does not amount to a breach of the expired contract.

## VII. CONCLUSION

For the reason set forth herein, Defendants' Motion for Summary Judgment is **GRANTED.**


**IT IS SO ORDERED.**

Ferris W. Wharton, J.