# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUAN RIVERA and, <br> ALLISON RIVERA, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | C.A. No. N19C-09-256 FWW |
| v. | ) <br> ) <br> ) | |
| ZIMIRAH DEBARROS, <br> CYNTHIA MATTHEWS, <br> EAN HOLDINGS, LLC, <br> ENTERPRISE LEASING COMPANY <br> OF PHILADELPHIA, PA LLC, and <br> NATIONWIDE PROPERTY & <br> CASUALTY INSURANCE COMPANY, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

Submitted: May 29, 2020
Decided: August 26, 2020

*Upon Enterprise Leasing Company of Philadelphia, LLC's*
*Motion for Partial Summary Judgment*
**DENIED.**

## ORDER

Robert C. Collins, II, Esquire, Schwartz & Schwartz, 1140 South State Street, Dover, DE 19901; Attorney for Plaintiffs.

Dawn L. Becker, Esquire, The Law Office of Dawn L. Becker, Citizens Bank Center, 919 Market Street, Suite 550, Wilmington, DE 19801; Attorney for Defendant Zimirah Debarros.

Theodore J. Segletes, III, Esquire, Chrissinger & Baumberger Three Mill Road, Suite 301, Wilmington, DE 19806; Attorney for Defendant Cynthia Matthews.

R. Stokes Nolte, Esquire, Wilks, Lukoff & Bracegirdle, LLC, 4250 Lancaster Pike, Suite 200, Wilmington, DE 19805, Attorney for EAN Holdings, LLC, Enterprise Leasing Company of Philadelphia, LLC.

Paul D. Sunshine, Esquire, Reger Rizzo & Darnall, 1523 Concord Pike, Suite 200, Brandywine Plaza East, Wilmington, DE 19803; Attorney for Defendant Nationwide Property & Casualty Insurance Company.

**WHARTON, J.**

2

This 26th day of August, 2020, upon consideration of Defendant Enterprise Leasing Company of Philadelphia, LLC's ("Enterprise") Motion for Partial Summary Judgment,[1] the Oppositions of both Nationwide Property & Casualty Insurance Company ("Nationwide") and Plaintiffs Juan and Allison Rivera ("Riveras"),[2] and the response of Defendant Zamirah Debarros ("Debarros") taking no position;[3] it appears to the Court that:

1. The Riveras bring this action arising from two separate motor vehicle accidents – the first occurring on October 6, 2018 near Newport, Delaware and the second on November 26, 2018 in Dover.[4] Debarros is alleged to be at fault in the October accident and Defendant Cynthia Matthews in the November accident.[5] In both accidents it is alleged that Juan Rivera sustained physical injuries.[6] Allison Rivera's claims are for loss of consortium.[7] The Complaint alleges that at the time of the accidents, Juan Rivera had underinsured motorist coverage through his own

[1] D.I. 32.
[2] D.I. 46 (Nationwide); D.I. 47 (Riveras).
[3] D.I. 36.
[4] D.I. 1.
[5] *Id.*
[6] *Id.*
[7] *Id.*

automobile insurer, Nationwide.[8] The Riveras expect that Juan Rivera's claims for personal injuries will exceed the value of his underinsured motorist coverage.[9]

2. At the time of the November accident, Juan Rivera was operating a rental vehicle from Enterprise which he rented in Delaware and which he believes was registered in New Jersey and typically garaged in Delaware.[10] The Riveras allege that ELCO Claims Services, on behalf of Enterprise, denied Juan Rivera PIP coverage because the vehicle was registered in New Jersey, making Nationwide responsible for PIP coverage. The Riveras allege this arrangement was undertaken by Enterprise in order to avoid having to provide Delaware Personal Injury protection ("PIP") coverage.[11] They argue that Enterprise, as a self-insurer meeting the New Jersey's mandatory insurance coverage requirements, must provide the minimum coverage required by Delaware law.[12] In addition to damages for personal injuries, the Riveras seek a declaration that Enterprise provide Juan Rivera with PIP benefits.[13]

3. Enterprise moves for summary judgment denying the Riveras' request for declaratory judgment and dismissing all claims against it.[14] It argues that the

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

facts are not in dispute, and that what is in dispute is the parties' interpretation of several of Delaware's financial responsibility statutes, specifically 21 *Del. C.* §§2901 and 6101.[15] Enterprise maintains that, taken together, those statutes allow for the shifting of financial responsibility from the owner of a rental vehicle to the renter's personal insurance.[16]

4. Nationwide opposes the Motion.[17] Nationwide takes the position that the Court should look to New Jersey law, rather than Delaware law because the vehicle was registered in New Jersey.[18] According to Nationwide, in cases concerning self-insured rental companies, New Jersey law requires the Court to "look to the specific policies to make a determination about primary coverage."[19] Nationwide argues that decision on summary judgment must await formal discovery and a detailed examination of the policies at issue here.[20] Even under Delaware authority, summary judgment would be premature, in Nationwide's view, since the record is devoid of evidence that Enterprise has met its statutory obligations to

---

[15] *Id.*

[16] *Id.*

[17] D.I. 46.

[18] *Id.*

[19] *Id.* at ¶5.

[20] *Id.*

determine if Juan Rivera had his own insurance and provided him with notice of the waiver.[21] The Riveras agree with Nationwide and join in its opposition.[22]

5.    Super. Ct. Civ. R. 56(c) provides that summary judgment is appropriate where there is "no genuine issue as to any material fact…and the moving party is entitled to a judgment as a matter of law."[23] The moving party initially bears the burden of establishing both of these elements; if there is such a showing, the burden shifts to the non-moving party to show that there are material issues of fact for resolution by the ultimate fact-finder.[24] The Court considers the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[25] Summary judgment will be appropriate only when, upon viewing all of the evidence in the light most favorable to the non-moving party, the Court finds that there is no genuine issue of material fact.[26] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into facts to clarify the application of the law to the circumstances, summary judgment will not be appropriate."[27] However, when the

---

[21] *Id.* at ₪7.
[22] D.I. 47.
[23] Del. Super. Ct. Civ. R. 56(c).
[24] *See, More v. Sizemore*, 405 A.2d 679, 680 (Del. 1979) (citations omitted).
[25] Del. Super. Ct. Civ. R. 56(c).
[26] *Singletarry v. Amer. Dept, Ins. Co.*, 2011 WL 607017 at *2 (Del. Super. 2011) (citing *Gill v. Nationwide Mut. Inc. Co.*, 1994 WL 150902 at *2 (Del. Super 1994)).
[27] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[28]

6.      Enterprise asserts that under Delaware law, the owner of a rental car may shift financial responsibility to the personal insurance of the lessee of the car. Nationwide and the Riveras do not dispute that contention. But, relying on *Miller v. Fidelity Guar. Ins. Underwriters*[29] they argue that shift only occurs upon the occurrence of certain conditions precedent. Specifically, they say *Miller* requires that the owner ensure that the renter have his own insurance, and that a mere inquiry is insufficient to discharge that statutory obligation.[30] That approach was rejected by the court in *USSA v. Avis.*[31] Contextualizing the court's comments in *Miller,* the court in *USSA* noted that the renter may have been uninsured or the existence of coverage may have been in dispute.[32] Instead, the *USSA* court found that the language of the rental agreement contained language sufficient to satisfy the statute, and that the owner had no duty to inquire specifically about other existing applicable insurance.[33] In addition to those arguments under Delaware law, Nationwide argues

---

[28] *Wooten v. Kiger,* 226 A.2d 238, 239 (Del. 1967).

[29] 2002 WL 32067544 (Del. Super. 2002).

[30] *Miller* at *3, citing *Stewart v. Selner,* 1989 WL 5186 (Del. Super. 1989).

[31] 2005 WL 3416299 (Del. Super. 2005).

[32] *Id.* at *2. In *Miller* plaintiffs were passengers not covered by the owner's insurance policy. In *Stewart,* the renter's policy expired the day before the accident.

[33] *Id.*

that the Court should apply New Jersey law, and look to policy language to resolve coverage disputes.

7. Here, the Court has before it neither the rental contract, evidence that Enterprise ensured that Juan Rivera was insured, nor Rivera's Nationwide policy. Apparently, the parties have not seen fit to provide the Court with this information. At this stage, it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances. Further supplementation of the record will assist the Court in determining whether the arguments of the parties are based on established facts or speculation. Specifically, additional information would illuminate whether there is a genuine issue of material fact as to whether Enterprise met its statutory obligation to ensure that Juan Rivera had his own insurance, either by sufficient inquiry under *Miller*, through the rental agreement under *USSA*. Also, additional information would assist the Court in determining whether Delaware or New Jersey law applies, or even, whether it matters.

**THEREFORE**, Defendant Enterprise Leasing Company of Philadelphia, LLC's Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

8