# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PARKWAY GRAVEL, INC., a )
Delaware Corporation, )
                        )
             Plaintiff, )
                        )
      v. )   C.A. No. N21C-01-015-MMJ
                        )
C&M CONSTRUCTION CO., )
LLC, a Delaware Limited Liability )
Company, d/b/a C&M ROOFING )
AND SIDING ("C&M"), )

               Defendant.

Submitted: March 15, 2022
Decided: April 20, 2022

On Plaintiff Parkway's Motion for Summary Judgment

**GRANTED**

**OPINION**

Jeffrey M. Weiner, Esq., Wilmington, Delaware, *Attorney for Plaintiff Parkway Gravel, Inc.*

Christofer C. Johnson, Esq., The Johnson Firm LLC, Wilmington, Delaware, *Attorney for Defendant C&M Construction Co., LLC.*

**JOHNSTON, J.**

1

# FACTUAL AND PROCEDURAL CONTEXT

On May 25, 2017, Plaintiff Parkway Gravel, Inc. ("Parkway"), and Defendant C&M Construction Co., LLC ("C&M"), entered a 10-year lease. The monthly rental amount increased on a specified yearly scale. On March 1, 2020, C&M defaulted on a Year 3 monthly payment of $4,200.00. Defendant also failed to pay sewer, water, and returned check charges.

By letters dated June 18, 2020, July 28, 2020, and September 10, 2020, Parkway demanded that C&M cure its default. C&M attempted to negotiate with Parkway on multiple occasions, including hiring a debt relief agency to negotiate. Parkway opposed negotiation efforts. C&M surrendered physical possession of the property on November 30, 2020.

On January 5, 2021, due to C&M's continued failure to cure its default, Parkway filed its Complaint. On July 1, 2021, Plaintiff filed Requests for Admission. C&M failed to serve any Response to Plaintiff's Requests for Admission on or before August 4, 2021. Nevertheless, an agent for C&M verified the facts contained in Plaintiff's Requests for Admission and Interrogatory Related Thereto.

Parkway has moved for Summary Judgment. C&M responded, and oral argument was held on March 15, 2022.

## SUMMARY JUDGMENT STANDARD

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgement may be granted as a matter of law.[1]  All facts are viewed in a light most favorable to the non-moving party.[2]  Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[3]  When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4]  If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[5]

## ANALYSIS

Plaintiff's Motion for Summary Judgment is supported by evidence summarized in Exhibit 4.  Exhibit 4 consists of the C&M Balance Sheet, Tenant Ledger, and the Verified Answers to Interrogatories.  The Balance Summary documents unpaid rent and utilities.  The Balance Summary tallies amounts owed

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Burkhart v. Davies*, 602 A.2d 56, 58-59 (Del. 1991).
[3] Super. Ct. Civ. R. 56(c).
[4] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

from September 10, 2020, the date of Demand Letter 2, through September 30, 2021. The total balance owed as of September 30, 2021 is $78,672.40.

The Tenant Ledger tracks all credits and debits on the account from June 28, 2017 through April 1, 2021. The Ledger documents Defendant's failure to pay rent on March 1, 2020, thereby initiating Defendant's default. Further, the Ledger details Defendant's continued failure to pay rent, utilities, and returned checks charges from March 1, 2020, through April 1, 2021.

Additionally, the Verified Answers to Interrogatories substantiate the default. The agent, on behalf of C&M, verified that the Answers are true and correct to the best of his knowledge, information, and belief.

Pursuant to Superior Court Civil Rule 56(e), when a summary judgment motion is supported by affidavit, such as verified answers to interrogatories:

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

C&M argues in response to the Motion for Summary Judgment that the sum is not certain, and Parkway failed to mitigate damages. Therefore, genuine issues of material fact prevent summary judgment.

With regard to these two issues, Defendant did not provide any sworn testimony in response to the motion. During argument, Defendant requested additional time to file a responsive affidavit.

Superior Court Civil Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just.

The Court finds no basis for a continuance to permit responsive affidavit to be obtained. Rule 56(f) applies when a party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Defendant's apparent lack of cooperation with his counsel is not a basis for finding that Defendant could not have provided the necessary affidavit at the time the response to the motion was filed.

C&M argues that the move-out date was uncertain. The Court finds that this potential factual issue is immaterial. The lease was for a term of years. Possession of the property is not a condition to payment of rent. Therefore, the move-out date is not relevant for determining the amount of rent owed.

The move-out date only becomes relevant with regard to Parkway's duty to mitigate damages. C&M acknowledges that Parkway re-rented the property, therefore taking efforts to mitigate damages. However, C&M argues that Parkway

5

should have taken steps to find a substitute tenant sooner. C&M bases its contention on Parkway's rejection of an offer provided by C&M's debt relief agency.

The Court finds that the debt relief agency's offer constitutes a settlement offer. It is neither admissible, nor appropriate for the Court to consider this evidence on a Motion for Summary Judgment. Additionally, there is no opposing affidavit as required to create a genuine issue of material fact.

Superior Court Civil Rule 36 provides:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, but, unless the Court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon the defendant. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it

Parkway's Requests for Admissions state:

Statement

Defendant failed to pay Plaintiff each of the charges set forth below

| Unit | Due Date | Description | Amount |
|------|----------|-------------|--------|
| 75 | 03-01-2020 | Rent Charge | 700.00 |
| 75 | 03-31-2020 | Sewer – 1Q 2020 | 64.29 |
| 75 | 03-31-2020 | Water – 1Q 2020 | 163.44 |
| 75 | 04-01-2020 | Rent Charge | 4,200.00 |
| 75 | 05-01-2020 | Rent Charge | 4,200.00 |
| 75 | 05-28-2020 | Returned Check Fee | 50.00 |
| 75 | 06-01-2020 | Rent Charge | 4,200.00 |
| 75 | 06-30-2020 | Sewer – 2Q 2020 | 64.29 |
| 75 | 06-30-2020 | Water – 2Q 2020 | 90.74 |
| 75 | 07-01-2020 | Rent Charge | 4,200.00 |
| 75 | 08-01-2020 | Rent Charge | 4,284.00 |
| 75 | 09-01-2020 | Rent Charge | 4,284.00 |
| 75 | 09-30-2020 | NCC Sewer – 3Q 2020 | 64.29 |
| 75 | 09-30-2020 | Water – 3Q 2020 | 57.66 |
| 75 | 10-01-2020 | Rent Charge | 4,284.00 |
| 75 | 11-01-2020 | Rent Charge | 4,284.00 |
| 75 | 12-01-2020 | Sewer – 4Q 2020 | 64.29 |
| 75 | 12-01-2020 | Water – 4Q 2020 | 322.40 |
| 75 | 12-01-2020 | Rent Charge | 4,284.00 |
| 75 | 01-01-2021 | Rent Charge | 4,284.00 |
| 75 | 02-01-2021 | Rent Charge | 4,284.00 |
| 75 | 03-01-2021 | Rent Charge | 4,284.00 |

C&M filed no response to Parkway's Requests. The Notice of Admission did not contain any objections. C&M's agent verified the facts contained within the Requests and Interrogatory.

The Court finds that the amounts set forth in the Requests for Admission are deemed admitted pursuant to Rule 36.

## CONCLUSION

Parkway presented verified evidence in support of its Motion for Summary Judgment, as well as Admissions deemed admitted. C&M has not provided any verified evidence in response to the Motion, as required to identify any genuine issue of material fact.

**THEREFORE**, Plaintiff's Motion for Summary Judgment is hereby **GRANTED**. Judgment shall be entered against Defendant in the principal amount of $78,672.40, plus post-judgment interest.

**IT IS SO ORDERED.**

*/s/ Mary M. Johnston*
The Honorable Mary M. Johnston